By the Court.

“ This is an action prima impressionis. The plaintiffs have mistaken their remedy; their claim was ascertained by the commissioners ; they had no need, to bring a suit; if new effects are discovered, they can have a new dividend. If an administrator refuses to inventory estate after notice, complaint should be lodged in the probate office, and if he still neglect, the remedy must be on his administration bond. If his intestate had made a [ * 43 ] fraudulent conveyance, the administrator, upon being * indemnified, might lend his name to the creditor, and bring a *33 iuit against the tertenant (1) ; if the administrator refused, the judge of probate might direct a suit on his bond.
If the effects could be recovered, the plaintiffs could only be entitled pro rata. Judgment for the defendants.”
He also cited the case of Lyon vs. Fisk & Al., Administrators, in this Court, (Sept. 1800, Hampshire,) similar to the foregoing case of Dickinson vs. Hastings, and in which the pleadings were substantially the same, upon the authority of which, the Court gave judgment for the defendants.
Upham, in reply, said that the question now before the Court could not have had a direct decision in either of the cases cited, as in neither of those was the action on the administration bond.
This case was argued on Wednesday, the second day of this term ; on Saturday, the last day of the term, the Court delivered their opinions.
Thacher, J.,
stated it as his opinion that the replication was insufficient; that an administration bond did not oblige an administrator to return an inventory of real estate, and that therefore there must be judgment for the defendants.
Sedgwick, J.,
(after stating the pleadings.) The only question referred by this record to the decision of the Court, is the extent of *34 the obligation of an administrator as to the inventory which he is to make of the estate of his intestate. Is it confined to “goods and, chattels, rights and credits,” according to the technical meaning of those words, or does it extend to real estate of inheritance ? The words are, “ make, or cause to be made, a true and perfect inventory of all'and singular, the goods, chattels, rights and credits of the said deceased, which have or shall come into the hands, possession or knowledge of the said administrators, or into the hands [ * 44 ] and possession of * any other person or persons for them, and the same so made do exhibit, or cause to be exhibited, into the registry of the Court of Probate, <fcc.”—It is undoubtedly true that in all instances where a contract is reduced to writing, and the reason is strongest in the instance of a deed, the meaning of the parties and the extent of their obligations and duties are to be sought for in the writing only, unless there be in it some latent ambiguity ; and there is none in this case. When, then, the ad ministrators by this bond became obliged to make an inventory of the goods and chattels, rights and credits of their intestate, were they boqnd also to make an inventory of the real estate which had descended to his heirs; and of which they had not, in words bound themselves to make an inventory? Certainly the words import no such obligation, and to them only can we resort. That the words do not, of themselves, import such obligation is conceded by the counsel for the plaintiffs, and this' I think is decisive of the merits of this case. But the counsel for the plaintiff says, “ that we are to resort to the former part of the same section of the act, which prescribes the form of the administration bond, to know the kind of inventory which an administrator is to make ; and that from thence it will appear that he is bound to inventory not the goods and chattels, rights and credits only, but also the real estate of inheritance.” In the first place, this would compel us to go out of the deed to find its meaning, which, by law, I think, we cannot do ; and in the next place, even if we could resort to this mean of in vestigation, I do not think that the meaning of the condition would be found to be such as is contended for. This sect, of the act, after prescribing the power and duty of the judge relative to granting administration, proceeds—“ and the administrator shall [ * 45 ] give * bond, upon condition, among other things, to make and return a true inventory of the estate administered on, which bond shall be in the form following:”—Here, under the words, “ estate administered on,” (the expression being indefinite,) it is insisted, is included as well the real as the personal estate ; and that this ought the rather to be the construction, because the real estate is by law put under the control of the administrator, and made liable *35 to the payment of debts, provided the personal, including the rights and credits, is insufficient. But to this it may be answered, that immediately on the death of the intestate, the real estate descends to his heirs, and is not even subject to the control of the administrator but on a contingency, which at that time is unknown,—the insufficiency of the personal estate and credits of the intestate: and, but in that event, the administrator has no right to enter upon, or in any manner intermeddle with, such real estate. The real estate is not, then, but in an event which is not and cannot be known, in any relation to the administration; and there could result no use nor benefit from making an inventory of it. When, therefore, the legislature speaks generally of estate, it seems reasonable to believe that such only was intended as was in any event to be “ administered on,” and that that which is not ordinarily to go into the hands of an administrator is not comprehended.
As to the case of Dickinson vs. Hastings, which has been pressed on our consideration as deciding the point referred to the Cdurt by this record, every thing that was then said, which relates to this case, was extrajudicial. As to the point adjudged, it is not necessary, now, to give an opinion—it will be the time to decide when the question shall come judicially before the Court. I am not, however, prepared to say, that the point there adjudged * is law. It is an attempt to bar a just debt, without [ * 46 ] satisfaction ; and there appears to be no object of public policy to justify it. As to the case of Lyon and Fisk, it was decided on the authority of Dickinson vs. Hastings—and if the latter be unfounded, the former must be so likewise. The defendants therefore must have judgment.
Dana, C. J.
As these pleadings stand, the single question before the Court is, whether the administrators and their sureties are liable as having broken the condition of the bond upon which the present action is brought, by not having inventoried the real estate of the intestate. This depends entirely on the words of the condition of the bond (a).—[Here the Ch. Justice read the condition. The words are clearly confined to personal estate—all that an administrator undertakes by the bond, is to inventory and administer the personal estate—there is not to be found in the bond any trace of an undertaking to inventory real estate—the administrator, as such, has nothing to do with it—he cannot even enter upon it, or in any manner intermeddle with it, except where there is an insufficiency of the personal estate to pay the debts of the deceased— *36 when that happens, he has a right, upon being duly licensed, to sell and convey real estate by deed. There was a case in Middlesex, some years since, where an administrator actually sold real estate of his intestate, and received the purchase money—an action was brought on the bond against his sureties, because the administrator had not accounted for the proceeds of the sale, and the Court held that they were not liable by the bond.
As to the opinions said to be expressed by the Court in the cases cited by the counsel for the plaintiff, they were mere obiter opinions, and cannot be considered as binding. [ * 47 ] That difficulties exist as to the administration * of. insolvent estates, is certain—but I do not undertake to say in what way the creditors ought to proceed—perhaps the subject requires legislative interference—be this as it may, I am clear that, in the case before the Court, the replication is insufficient, and that judgment must be entered for the defendants.

Judgment for the defendants.

Strong, J.,
having been of counsel for one of the parties in the case of Lyon and Fisk, above cited, and which related to the same estate for the administration of which the bond in this case was entered into, declined giving an opinion. But there is no doubt that he was of the same opinion with the other judges. (1)
Note. By the act passed in 1692 (Provin. stat. 4 W. & M. c. 2, § 1.) for the settlement and distribution of the estates of intestates, it is provided, “ that upon granting administration, the judge of probate shall take bond, with sureties, in manner as. is directed by the statute of the twenty-second and twenty-third of Charles the Second.” It has been said that at that time lands and tenements were not liable for the payment of debts,”and that they were first made so by the act of 1696. (Provin. stat. 8 W. 3, c. 3.) If this be so, the legislature could not, by the act of 1692, (Provin. stat. 4 W. & M. c. 2.) have intended that the bond should extend to real estate. As the legislature, upon the revision of that act in 1784, has directed the form of the bond to be the same as before, which appears to be the fact from the form prescribed in the last act, the presumption seems to be conclusive that it was not intended to lay the administrator under any further obligation, by the bond, than that which results from the known, settled technical meaning of the words used in the condition.—Vide post, p. 204, Prescott vs. Tarbcll.
[The law has been altered by the Revised Statutes, Ch. 64, sec. 5.—Ed.]

 No such suit could be maintained; for an executor or administrator can never stina upon a better footing than his testator or intestate, who would be stopped by his own deed, and could not be permitted to allege a fraud whereto he was party (a). Neither is there any such necessity for, or convenience in, the sustaining such an action as seems to have been supposed by the Court when expressing the above opinion. A creditor in a suit against the administrator might obtain judgment against the goods and estates of the testator, and the execution which issued thereon might be levied upon any lands which had been fraudulently conveyed by the deceased, such fraudulent conveyance not being valid against creditors. For these points, and also a most luminous and comprehensive statement of the general doctrine “of the connection an administrator” or (it is presumed, when no particular authority relating to this subject is given by the will) an executor “ has with the real estate of his intestate,” or his testator, see the opinion of the Court delivered by Parsons, C. J., in Drinkwater vs. Drinkwater, post, vol. iv. 354.
It was also subsequently decided that an executor or administrator has in no case a right to the possession of the lands of the deceased, nor can ever maintain a real action to recover decision of the same, excepting (if it be an exception to the first branch of the position) when the suit is brought to foreclose a mortgage; post, vol. v. 240, Willard vs. Nason.
When, however, the title originally vests in the executor or administrator, as where he levies an execution issuing upon a judgment founded upon a debt due to the deceased, upon the lands of the judgment debtor, he may, if the title be disputed, main tain a real action for such lands.—ib.
Such lands, as also those mortgaged to the deceased, whereof seisure or possession has been recovered, (or it is presumed in any wise obtained,) are to be assets in tha hands of the executor or administrator.—Stat. 1788, c. 51.

 [By me Jicvised Statutes, the executor or administrator may enter and declare on his own seisie Chap. 71, sec. 13.—Ed.]

 [The condition of the bond is now changed by the Revised Statutes, and rea.1 estate must be included in the inventory. Ch. 64, sec. 5. —Ed.l

 The former attorney-general of this commonwealth, Mr. Sullivan, entertained an opinion hostile to this decision of the Court. See his treatise on land titles, page 111.
It has been since decided (though consistently with this case) that when an administrator, having obtained a judgment against a debtor of his intestate, satisfies it by an extent on land, he is not so seised to uses as to vest the land in the heirs, &c., of his intestate, but has a trust estate until the settlement of the administration account, anc may maintain an action in his own name, to recover possession against a disseisor vol. ivr. 598, Boylston vs. Carver.