The Court

now observed that, the plaintiff having admitted, by his demurrer, that the personal, effects of the intestate have been fully administered, the only question remaining in the action is, whether the defendants have subjected themselves to a forfeiture of their bond, by the neglect of the administratrix to make application for a license to sell the real estate of her intestate for the payment of his debts.
We should have preferred to have met this question on a hearing in equity. We recollect a case that was before us [*193] * on such a hearing, after the forfeiture of the penalty had been adjudged. The estate in that case was insolvent ; and the administrators had paid more money than the whole personal property left by the deceased amounted to ; and it was determined that the sureties were not liable, upon the administration bond, for the proceeds of the real property, which had been sold by the administrators, under a license obtained for that purpose, and without giving a new bond to account for the proceeds of such sale. In the case at bar, we think the bond cannot be extended to cover the neglect of the administratrix to procure a license for the sale of the real estate; and we shall give judgment for the defendants upon the demurrer, unless the plaintiff, believing that he has merits, and that, on a trial, he can show an improper use or waste, by the administratrix, of assets that have come to her hands, should move to withdraw his demurrer, and go to the jury with the cause.
The plaintiff thereupon moved for leave to withdraw his demurrer, and plead to issue; which the Court, after consideration, refused. (a)

Rejoinder adjudged good.

 Vide Newcomb, Judge, &c., vs. Wing, 3 Pick. 168.