Parker, C. J.
(After briefly reciting the pleadings.) This state
of the pleadings, admitting the rejoinder to be bad for the special cause of demurrer assigned, brings us to the general question, upon the decision of which the plaintiff’s right of action depends. Taking it to be granted that there is real estate, of which the in testate was colorably disseised by his own covin for the purpose oí *138 defrauding his creditors, can the plaintiff maintain the present action, and levy upon that real estate, and thus satisfy the judgment he may recover ?
By the fifth section of the statute of 1805, c. 90, it is provided “ that all the lands, tenements, and hereditaments, of which an intestate died seised, and also all such estate which he had fraudulently conveyed, or of which he had *been colorably or fraudulently disseised, with intent to defraud his creditors, shall be liable for the payment of his debts, and may be recovered and applied thereto, in the manner by law directed, whenever the personal estate shall be insufficient therefor; saving to the widow her dower therein, except in the estate so fraudulently conveyed, to which she had legally relinquished her right of dower.’'1 The object of this statute provision seems to be, to enable the administrator to treat real estate so situated as if the intestate had died seised of it; that is, to obtain license for the sale of it, and, having sold it, to apply the proceeds to the payment of the debts The statute does not give an action to any creditor; although, probably, if the estate were solvent, a creditor having judgment might levy his execution thereon, by analogy to his right to levy on estate of which the intestate died seised, provided there be a deficiency of personal assets.
But when the estate is insolvent, different principles seem to be applicable. The object of the statute relative to such estates (1) is the equal distribution of them among all the creditors, in proportion to their respective demands. The commón-law right of suing the administrator, and of seizing the goods, or levying on the estate of the intestate, is taken away, except in cases where it may be necessary in order to ascertain thé legal existence of the debt; and, even then, no execution is to follow the judgment which may be obtained ; but the claims are to be examined and reported upon by commissioners, and a pro rata distribution is to be decreed by the judge of probate.
To make this provision effectual, and to prevent any one creditor from getting more than his share of the estate of the deceased, it is provided that no action shall be sustained against any executor or administrator after the estate shall be represented insolvent, with the exceptions before mentioned, and excepting also a few privileged claims. Now, to allow a creditor to maintain his action, for the purpose of satisfying his judgment out of the real estate of the * intestate, which he had fraudulently conveyed, would be to destroy that equality which is the *139 chief object of this statute. The creditor who first attaches might obtain satisfaction in full, and others, whose claims were equally meritorious, might get little or nothing. This was not the intention of the legislature in enacting the section above recited ; but their object was, to make estate fraudulently conveyed still the estate of the intestate, for the payment of his debts ; and to give to executors or administrators the right which, as the representatives of the deceased, they might not have had, contrary to his disposition of it in his lifetime; and therefore the same disposition is to be made of it as if he had never been disseised, or had never fraudulently con veyed.
But it has been argued that an administrator may refuse to appropriate such estate, as the law requires, and may suftet it to remain in the hands of those who have got the possession by the fraud of the intestate, to the prejudice of the creditors, and in spite of their remonstrances. If this were true, it might show the necessity of a legislative act for the cure of such an evil, but it would not authorize the Court to sustain an action which is expressly taken away by statute.
But is there no remedy? Admit that the administration bond furnishes none; and that an action of waste, which, by the eighth section of the statute of 1783, c. 32, would lie in the case, would be fruitless; still there is no defect of remedy ; for, on a representation of a refusal to administer such estate, and satisfactory proof thereof, to the judge of probate, he has the authority, and would be bound to execute it, to remove such administrator, and appoint another, even one of the creditors, whose interest, as well as duty, it would be to do justice in this respect.
It is not clear, therefore, that there is any defect in the law as it now stands. It is thought to be extraordinary, however, that a negligent creditor, who has not filed his claim against an insolvent estate, should have a right of action, and perhaps satisfy his debt, out of any estate which-* has not been inventoried and accounted for; and that the vigilant creditor, who has filed his claim, should be barred of this right.
If the statute has made this provision, although the reasonableness of it may not be apparent, it is not for us to refuse to execute it. But there is certainly some obscurity with respect to the practical operation of the provision for creditors who have not filed their claims. With respect, however, to the denial of the right to creditors, who did not come within that exception, to maintain their action, the statute is clear and peremptory, (a)

Rejoinder adj idged good

 Stat. 1784, c. 2

 Vide Libby va. Burnham, ante, 144.