On the part of the appellants, it was contended, that administrators had no right to enter on the real estate of their in-testates ; and that they did not enter and occupy as administrators, but as co-heirs, and were not by law chargeable with the rent or income in their administration account; and they cited Henshaw v. Blood, 1 Mass. Rep. 35; Dean v. Dean, 3 Mass. Rep. 258; Drinkwater v. Drinkwater, 4 Mass Rep. 354; Mitchell v. Lunt, ibid. 654; Hays et al. v. Jackson el al. 6 Mass. Rep. 149; Sargent v. Parsons, 12 Mass. Rep. 149. To this it was answered, and resolved by the Court, that although administrators had no right to occupy the real estate against the will of the heirs, and could never be required to occupy it, yet they might do it with the consent of the heirs, accounting for the rent as might be agreed on by the parties, *163 or as should be determined by commissioners in pursuance of the statute before cited ; and that such a proceeding might in some cases be for the benefit of the parties interested, by enabling the administrators to pay the debts of the intestate, and thereby preventing a sale of the real estate. That in this case the consent of all parties might be presumed, because the administrators had voluntarily credited the rents in their first account, and the other heirs made no objection, excepting as to the amount that ought to be credited ; and the administrators continuing afterwards to occupy the land, without notice to the other heirs of any change, the latter had a right to consider that they were still holding on the same terms, and would be chargeable in the same manner as before. The decree of the judge of probate as to this point was affirmed.[1]
In the first account, the administrators had charged $ 107, paid by them for taxes ; and this charge, not being objected to, was allowed to the administrators in that account. When the second account was presented, the respondents alleged, that this sum had been allowed by mistake, because the taxes had been taken into consideration by the committee appointed as before mentioned, and had been allowed to the administrators, together with other charges against the gross rents or income of the estate ; and that this fact was not known, or was overlooked, on the settlement of that first account; and they therefore prayed the judge of probate to correct the mistake by charging the administrators in their second account with the amount so allowed to them in the first. The judge, being satisfied of the truth of the statement, decreed accordingly ; and this was another of the reasons of appeal. The appellants contended, that the judge of probate had no authority to revise or alter that former account; that the only remedy .'or any party aggrieved was to appeal from the decree ; and as no appeal had been claimed on the allowance of the first account, the decree thereon was conclusive on the judge as well as on the parties. But the Court was of opinion, that the judge of probate had authority to correct the mistake in this manner. That if, in the course of an administrator’s accounts, at any time before the final settlement of the estate, any mani-
*164 fest mistake should occur in computation, or in charging o* crediting the same sum twice, or any such error, it would be inconvenient and unjust to conclude the parties by the decree on such account; and that it was competent to the judge, on proof of such error, to correct it in a subsequent account presented by the administrator. The decree was affirmed also in this pai .icular.
The rents which had been charged to the administrators, as before mentioned, constituted part of the balance, which on the second account was ordered by the judge of probate to be dis tributed between the widow and the children of the intestate ; and the appellants objected, that the widow was entitled on that distribution to only one third of the personal estate of which the intestate died possessed, and not to any part of the said rents ; but the judge of probate ordered the whole balance to be distributed between the widow and children, and the administrators appealed from the decree on this point. The respondents contended, that the amount of those rents, having been brought into the administration account in the manner prescribed by the statute before mentioned, did necessarily constitute part of the assets in the hands of the administrators, and must be considered in all respects as part of the personal estate. The appellants answered, that the widow had no interest in the real estate, and no title to any of the rents or income, unless in consequence of the assignment of her dower, or of a demand of such' assignment. They alleged, that she had in fact occupied one third of the real estate in virtue of an assignment of dower, which afterwards, appearing to be errone pus or defective, was set aside : and that she thereupon made a demand of her dower, and recovered it on a writ of dower, pursuant to the statute. But whether she had in fact received one third of the rent or not, she might have received it, by pursuing the course prescribed by the statute ; and if she had neglected to do so, that would give her no title to any part of the rents which- had been received by the administrators in manner aforesaid, and which had never constituted part of the personal estate of the intestate. The Court, being of this opinion, reversed the decree of the judge of probate in this
*165 canicular ; and decreed to the widow only one third of the persona] estate, exclusive of the amount so received by the administrators for rent.
The administrators also objected to the decree of the judge of probate in another particular. It appeared, that the intestate, in his lifetime, had made advancements to some of his children, and these advancements were brought into consideration on the distribution between the widow and the children ; whereas the appellants contended, that the amount so advanced should be considered only in the division among the children, and should not go to increase the distributive share of the widow. The respondents admitted, that the law was so in England, but contended, that our statutes varied in some respects from the statute of 22 & 23 Car. 2, c. 10, and might therefore receive a different construction.
They also observed, that on the construction contended for by the appellants, an intestate who had nothing but personal estate might give it all away in advancements, and thus exclude his widow from any share of his estate. To this it was answered, and resolved by the Court, that every man might lawfully dispose of his whole personal estate, either in his lifetime, by way of advancements or otherwise, or by his last will; and might thereby exclude his widow from her distributive share. That if an intestate left but one child, any sum advanced or given to that child would be retained by him, and the residue only would be divided between him and the widow. So, if the intestate left several children, and had advanced to one of them more than the amount of his share, that child would retain the whole sum advanced, and the widow would have no benefit of it in the distribution. So, if he had three children, and advanced one of them, and the other two should die before him, his widow would have no benefit of it ; but if the others should survive him, she might, according to the construction contended for by the respondents, require that sum to be brought in for her benefit in the distribution ; and thus she would receive a larger share of the estate, when there were three or more children to divide it with her, than she would if the whole residue went to one child. That an advancement might be considered as a statute will, to the extern *166 of the sum advanced, and would operate in like manner as if the deceased had by will given the same sum to his child, and had left the residue undisposed of, to be distributed according to the statute, or had by the same will disposed of the residue m the same manner in which it would have been distributed by the statute. And that the legislature did not intend to take away nor impair the right, which every man enjoyed, of disposing of his personal estate, either in his lifetime or by his will, in any manner that he should think proper ; but had only pro vided, by the statute of distributions, for the disposal of whatever he should think fit to leave undisposed of at the time ol his death.
The decree of the judge of probate was therefore reversed as to this point; and it was decreed, that the widow should receive only one third of the residue of the personal estate, without including the advancements made to the children.

 See Gibson v. Farley, 16 Mass. R. 280; Heald v. Heald, 5 Greenl. 387.

See Saxton v. Chamberlain, 6 Pick, 422.