Butler *v.* Ricker ad'x.

## BUTLER *vs.* RICKER *ad'x.*

Statutes of a penal character should, if possible, be so construed as to leave the citizen free from penalties and from danger, without appealing to the discretion of any one.

The account which an administrator is required by *Stat.* 1821, *ch.* 51, *sec.* 28, to render within six months after the report of the commissioners of insolvency, at the peril of being liable to the creditors of the deceased for their whole demands, is an account of the personal estate only.

THIS was an action of *assumpsit*, brought to recover the amount of two promissory notes made by the defendant's intestate, and payable to the plaintiff.

In a case stated by the parties, it appeared that the intestate died in *July* 1827; that the defendant was afterwards appointed administratrix, and on the sixth day of *November* 1827, duly returned an inventory of the estate, and on the same day represented it insolvent,

Butler v. Ricker ad'x.

and procured the appointment of commissioners to receive and ex-·
amine the claims of creditors ;—that the commissioners, at the ex-
piration of the time allowed by the judge of Probate for creditors to
bring in their claims, which was *Dec.* 2, 1828, made their report,
in which the plaintiff's notes were included ;—that on the same day
the defendant exhibited and settled with the Judge of Probate her
administration account of all the personal estate ; and in *January*
1829, obtained license to sell the real estate of the deceased.

More than six months having elapsed after the commissioners had
made their report, without the settlement of any final account by the
defendant, the plaintiff, in *October* 1829, commenced this action for
the recovery of his whole debt. On the sixth day of *November* fol-
lowing, the judge of Probate allowed the defendant a further time of
three months to settle her final account ; which she rendered and
settled *Dec.* 7, 1829 ; on which day the judge decreed that the es-
tate was insolvent, and that distribution thereof *pro rata* be made
among the creditors, including the plaintiff ; whose distributive share
was afterwards tendered, with costs up to the time of tender, and re-
fused.

Upon these facts the case was submitted to the judgment of the
Court.

*N. Emery*, for the plaintiff, relied on the *Stat.* 1821, *ch.* 51, *sec.*
28, which requires administrators to settle their account of adminis-
tration within six months after report made by the commissioners of
insolvency, upon peril of liability to creditors in the same manner as
if the estate had not been represented insolvent. And he contended
that the account there mentioned was a final account of the whole
estate, upon which the judge might decree a distribution among the
creditors. *Pierce v. Whittemore*, 8 *Mass.* 282 ; *Ring v. Burton*,
5 *Greenl.* 45.

*J. Shepley* and *Burleigh*, for the defendant, cited *Nelson v. Ja-
ques*, 1 *Greenl.* 139 ; *White v. Swaine*, 3 *Pick.* 365 ; *Ex parte
Allen*, 15 *Mass.* 58 ; *Paine v. Fox*, 16 *Mass.* 129 ; *Wildrage v.
Patterson,* 15 *Mass.* 148 ; *Walker v. Lyman*, 6 *Pick.* 458 ; *Fos-
ter v. Abbot*, 1 *Mass.* 324 ; *Hunt v. Whitney*, 4 *Mass.* 620 ; *Col-*

*man v. Hall*, 12 *Mass.* 570 ; *Shillaber v. Wyman*, 15 *Mass.* 322 ; *Pierce v. Whittemore*, 8 *Mass.* 282.

WESTON J. delivered the opinion of the Court at an adjournment of the ensuing *May* term in *Cumberland.*

This action is attempted to be sustained, upon the twenty-eighth section of the act to regulate the jurisdiction and proceedings of the courts of Probate ; the defendant not having settled her final account of administration, within six months after the report of the commissioners of insolvency, upon the estate of the intestate, had been made to the judge. The section before stated, is transcribed in the revised laws of this State, with very little alteration, from the statute of Massachusetts of 1794, *ch.* 5. It may aid in the just interpretation of the revised statute, to ascertain what the effect of the statute of Massachusetts was, at the time of its enactment ; from which the original intention of the legislature may be the better deduced. The statute of Massachusetts of 1783, *ch.* 36, respecting intestate estates, *sec.* 8, required an administrator to give bond with sureties, in the form therein prescribed ; conditioned among other things to render an account of administration, within one year. The condition of the bond was limited to personal estate ; and accordingly it has been decided, that it did not impose upon the administrator the obligation to return an inventory of the real estate of his intestate, or to obtain license for the sale of the same, if wanted for the payment of the just debts of the deceased. *Henshaw v. Blood*, 1 *Mass.* 35 ; *Freeman v. Anderson*, 11 *Mass.* 190.

An administrator, as such, has nothing to do with the real estate ; except when there is a deficiency of personal assets. The administration account then, properly so called, could relate only to the personal estate. It was not until the act of *Massachusetts* of 1817, *ch.* 190, relating to Probate Courts, that a new form of bonds of administration was prescribed, requiring administrators to inventory real estate ; which is the form also prescribed in our revised statute. But the account of administration, which they are required to render within a year after it is granted, as the law now stands both in Massachusetts and Maine, is of the goods and chattels, rights and

credits of the deceased, at the time of his death. Neglecting to do this within six months after the report of the commissioners of insolvency, the administrator is made liable to the creditors of the deceased, for their whole demands.

That the account, required to be settled within the period of six months after such report, is of the personal estate, is further apparent, from the provision in the same section, that if, in consequence of such neglect, the real estate of the deceased is levied upon and taken in execution, it shall be deemed waste in the administrator. This assumes that the real estate has not been sold under license. Another reason is, that until the administration account, that is of the personal estate, is settled, it cannot be known whether any, or if any how much of the real estate may be wanted for the payment of debts. It may be urged, that this may be known by comparing the amount of claims allowed by the commissioners, with the inventory of the goods and chattels, rights and credits of the deceased. But there are still to be ascertained debts due for taxes, to the State, and for the last sickness, and necessary funeral expenses of the deceased, and the charges of administration. The allowance to the widow, or, if there is no widow, to the minor children, is to be taken into the account. So if the personal property is sold, which the administrator may obtain license to do, at the discretion of the judge, the administrator is to account for the proceeds of the sales. Further, it requires time, according as the business of the deceased was more or less extended, to ascertain how far his rights and credits may be available ; and to demand and receive payment, by suit or otherwise. All these are proper items in the account of administration, upon the settlement of which further proceedings may be had, if necessary, for the sale of the real estate. The settlement required by the statute upon which we have been commenting, cannot be such as finally discharges the administrator from his trust and duty. It is merely to determine the amount of assets in his hands, subject to the claims of creditors. He has still duties to perform ; for which he may be holden to account. The assets, thus ascertained, after the sale of the real estate if there be any, are to be

held by the administrator, subject to the decree of distribution among the creditors, in cases of absolute insolvency.

The time allowed to the administrator, for the settlement of his administration account of the goods and chattels, rights and credits of the deceased, from the time of his appointment, until six months after the report of the commissioners, may be sufficient for this purpose. If not, the judge may extend it. But it is not sufficient to obtain license, and to sell the real estate ; and to collect and account for the proceeds. If the administrator petitions a court of common law for such license, which he may do, the kind of notice to all persons interested, which the law requires to be given by such court, renders a continuance of the petition to the succeeding term indispensable. The same notice is required to be given, upon a similar petition to the Court of Probate ; and after that court shall have passed a decree, granting such license, an appeal lies therefrom to the Supreme Court. The efficacy of the license when granted, is by law extended to the term of one year. It can very rarely be possible, with the utmost diligence, to obtain the license, and to make sale of the real estate, within six months from the report of the commissioners. If the account therefore, required to be settled within six months, is to embrace his proceedings in relation to real estate, under peril of the very penal consequences, upon which the defendant is attempted to be charged in this action, he may be irretrievably ruined, when in no fault ; and even while in the faithful, diligent, and meritorious discharge of his duty.

But, it may be said, he may escape this peril, by applying to the judge for an extension of the time, under his hand and seal. To this it may be replied, that a diligent and faithful administrator should be in no peril ; and that the law, if possible, should be so construed, as to leave him free from penalties and from danger, without appealing for security to the discretion of any one. Immunity to those who are in no fault, should be a matter of right and not of intreaty.

The rights and duties of the administrator, in regard to real estate, did not originally appertain to his office ; but are given and enjoined, to carry into effect the policy of our laws, subjecting the real estate of persons deceased to the payment of all their debts. For the fore-

Butler *v.* Ricker ad'x.

going reasons, we are of opinion that the account required to be settled by the twenty eighth section of the act, upon which the plaintiff relies, is limited to the administration account of the personal estate. And whatever relates to the personal estate, the administrator must at his peril settle within the period limited, unless he obtain from the proper authority an extension of time. Thus provision is made to quicken his diligence, in the main branch of his duty. If it should be contended, that this construction will leave creditors without adequate remedies against the administrator, if he neglects his duty in relation to the real estate, it might be replied that this consequence could not change the construction. It would be for the legislature, and not the court, to provide a remedy. In *Wildrage v. Patterson,* 15 *Mass.* 148, *Parker C. J.* says there is no defect of remedy ; for that on a representation of such neglect to the Judge of Probate, " he has the authority, and would be bound to execute it, to remove such administrator and appoint another, even one of the creditors, whose interest as well as duty it would be to do justice in this respect."

It remains to apply the construction we have given to the statute, to the case before us. The defendant settled her account of administration, charging herself with the whole personal estate, on the day when the report of the commissioners was made to the judge. There does not appear from the facts agreed, any failure of duty, or want of diligence on her part. According to the agreement of the parties, judgment is to be rendered for the defendant ; and the opinion of the court is, that she is entitled to her costs.

*Judgment for the defendant.*