## MOLLY ROBINSON *vs.* ALANSON BATES.

**A** demandant in a writ of dower is not barred by a release of dower made by her to a third person under whom the tenant does not claim title.

Where a wife joins her husband in a deed conveying land, and thereby relinquishes her right of dower, and a creditor of the husband afterwards levies an execution on the land, during the life of the husband, and recovers it in a real action against the grantee, on the ground that the conveyance was fraudulent and void as against creditors, the wife is restored to her right, and may recover her dower of such creditor, or of his assigns.

The *St.* of 1805, *c.* 90, § 5, bars dower in estates fraudulently conveyed by a husband, and to which the wife had relinquished her right of dower, only in cases where the conveyance is avoided after the death of the husband.

WRIT OF DOWER, wherein the demandant claimed her dower in land in Webster, in the seizin and possession of the tenant, and counted upon the seizin of her late husband, William Robinson. The action was tried, on the general issue, before *Wilde,* J. who reported the case as follows :

The demandant proved her marriage with said William n 1792 ; his seizin of the demanded premises from the time of said marriage until 1816 ; the death of said William in 1837 and a demand of dower, made upon the tenant on the 11th of March 1840.

The tenant then introduced a judgment recovered in this court, at September term 1828, by one Morris Larned against said William Robinson, and a levy, in due form, in October 1828, of the execution which issued on said judgment, upon the demanded premises : Also a judgment, at the October term 1830, of this court, in a writ of entry brought by said Larned to recover the demanded premises of William Robinson, junior, and Sylvanus Robinson, then tenants in possession thereof, and the writ of *habere facias,* issued on said judgment, with the return of an officer thereon, stating the delivery of seizin to said Larned in November 1831 : Also a deed of said premises, afterwards made to the tenant by said Morris Larned, dated November 30th, 1831, and duly acknowledged and recorded.

'The tenant then offered to prove, that in December 1816, said William Robinson, by his deed, duly executed and record-

ed, for the consideration of $ 4000, conveyed the premises in question to one John Jacobs, junior, and that the demandant joined him in said deed, and released her dower in said premises. The demandant's counsel objected to the admission of this evidence, because the tenant did not claim under this conveyance. But the evidence was admitted, upon the tenant's counsel intimating that they expected to prove this conveyance fraudulent and void as to creditors, and that, if so, it would, by *St.* 1805, *c.* 90, § 5, bar the demandant of her dower. The tenant also proved a conveyance of the demanded premises by said Jacobs to the aforesaid William Robinson, junior, and Sylvanus Robinson, by deed duly executed, and recorded in February 1822.

The tenant then offered to introduce the abovementioned judgment of Morris Larned against William Robinson, to prove that the aforesaid conveyance from said Robinson to Jacobs, in December 1816, in which the demandant joined and released her dower, was fraudulent and void as to creditors, and that therefore the demandant was barred of her dower, by force of the statute aforesaid. The demandant objected to the admission of that judgment for this purpose, because it was between different parties, and not binding on her ; and because it had no tendency, in itself, to prove fraud in said deed to Jacobs ; there being no proof on what ground the verdict and judgment in that case was rendered.

The judge ruled that said judgment could not be admitted for the purpose for which it was offered. To this ruling the tenant excepted. A verdict was taken for the demandant, which was to be set aside and a new trial granted, if the court should be of opinion that the record of said judgment was admissible for said purpose.

*Barton*, for the tenant.

*Washburn & Bacon*, for the demandant

WILDE, J. The demandant having made out a *primâ facie* case, entitling her to dower, the general question is, whether the defence set up by the tenant is sufficient in law to bar her claim. He relies on a deed of the premises in question from William Robinson, the demandant's late husband, to one John Jacobs,

junior, in which deed the demandant joined, and thereby released to the said Jacobs her right of dower in the premises.

It is admitted, that the tenant has no title under Jacobs ; but his counsel contends that he has, by the common law, a right to plead in bar, and under *St.* 1836, *c.* 273, abolishing special pleadings, to give in evidence under the general issue, a conveyance by the demandant to a third person under whom he does not claim ; and he relies on the case of *Wolcot* v. *Knight*, 6 Mass. 418, and sundry other cases, in which this principle is laid down. " For," it is said, " although the tenant may have no title, still if the demandant has no right to recover, he cannot be permitted to draw into question the seizin of the tenant, whether he acquired it by right or by wrong." Stearns on Real Actions, 226.

It has been argued by the counsel for the tenant, that this principle is applicable to a case of dower, where the demandant had relinquished her inchoate right of dower by joining her husband in a conveyance to a stranger. But the contrary doctrine is laid down in *Pixley* v. *Bennett*, 11 Mass. 298. And that case, we think, was rightly decided.

The tenant's counsel contended, that as the demandant had once released her claim, she was for ever estopped to demand dower, whoever may be in possession of the land. But it is very clear that a stranger cannot be bound by, nor take advantage of, an estoppel. An estoppel, to be binding, must be reciprocal, and parties and privies only are bound thereby.

Whether the demandant's deed may by law operate as a release, or in any way, except by way of estoppel, is a question which it is not necessary to decide ; because, if it may operate so as to pass the right to the grantee, this action may well be maintained for his benefit, or for the benefit of his assigns ; as they cannot maintain an action in their own names, to enforce their right against the tenant.

But there is another answer to this objection to the demandant's title, which is entirely satisfactory and conclusive. The tenant, at the trial, offered to prove that the conveyance to Jacobs was fraudulent and void as to the creditors of the grantor,

and that, on that ground, he had recovered judgment for the possession of the premises against the assignees of the saiu Jacobs. Now we are of opinion that the tenant, having avoided the deed to Jacobs, cannot now be allowed to set it up as a bar to the demandant's claim. In *Stinson* v. *Sumner*, 9 Mass. 143, it was decided that where a wife releases her claim of dower, by joining her husband in a conveyance, and the purchaser recovers back the purchase money on account of the grantor's defect of title to the land, the release of the wife thereby becomes inoperative, and does not bar her right of dower after her husband's decease. The principle, on which that decision is founded, applies conclusively to the present case. The tenant has avoided the deed of the husband, and defeated the estate on which the demandant's release of dower was intended to operate. By law, therefore, and in justice, she was thereby restored to her former rights.

The other ground of defence depends on the construction to be given to *St.* 1805, *c.* 90, § 5, which provides " that all the lands, tenements, and hereditaments of which an intestate died seized, and also all such estate which he had fraudulently conveyed, with intent to defraud his creditors, shall be liable for the payment of his debts, and may be recovered and applied thereto, saving to the widow her dower therein, except in the estate so fraudulently conveyed, to which she had legally relinquished her right of dower." The execution, under which the tenant claims title, was extended on the premises in the lifetime of the demandant's husband, and is not therefore within the letter or the meaning of the statute, which is expressly limited to the lands, tenements, and hereditaments of an intestate, and to the proceedings after his death. If the demandant's dower is subject to forfeiture, it must be applied to the equal benefit of all the creditors, and the tenant has gained no priority or title under the execution, in respect to the claim of the demandant. *Wildridge* v. *Patterson*, 15 Mass. 148. Where a statute in clear terms is limited to a certain class of cases, the limitation is not to be extended by construction, especially if it would thereby subject an estate to forfeiture.

*Judgment on the verdict*