Wann *et al. v.* McNulty.

DANIEL WANN *et al.*, plaintiffs in error, *v.* JOHN McNULTY, defendant in error.

*Error to Jo Daviess.*

A. and three other individuals were sued as members of a firm smelting lead ore, known as the "East Fork Furnace Company." At the first term, two of them appeared and pleaded *non assumpsit;* the remaining two were defaulted. At a subsequent term, those who had appeared and pleaded made a motion to file an additional plea of a former recovery against one of the firm upon the same cause of action, but the motion was denied. At the trial, the defendants offered in evidence, under the general issue, the record of such former recovery, but the Court would not permit it to be read to the jury: *Held,* that, in this action, the record should have been admitted in evidence under the general issue.

A judgment against one member of a firm, for a debt due from the firm, constitutes a bar to a recovery against the other members.

The record of a former verdict and judgment has not the same controlling influence, when given in evidence under the general issue, as when specially pleaded. In the former case, it is but *prima facie* evidence; in the latter, it is conclusive, and a complete bar.

If a demand of an inferior degree is changed into one of a higher character, the former is merged in the latter, upon which the party must alone rely. Thus is a simple contract debt merged in a judgment or debt of record. In that case, a cause of action no longer subsists upon the original demand. So, if a bond is given on a simple contract debt, the latter is lost in the former, the specialty being a higher security.

ASSUMPSIT in the Jo Daviess Circuit, brought by the defendant in error against the plaintiffs in error, who were sued as a firm, known as the "East Fork Furnace Company." At the first term,—October term 1842,—two of the defendants pleaded *non assumpsit,* and the remaining defendants were defaulted.

At the October term 1845, the Hon. Thomas C. Browne presiding, the defendants who had appeared and pleaded, made a motion for leave to file an additional plea, alleging a former recovery by the plaintiff against Robert Shaw, one of the firm, in the same Court, for the same promises and undertakings, judgment upon which said recovery then remained in full force. The motion was overruled by the Court.

The cause proceeded to a trial and inquest of damages,

during which the defendants in Court offered in evidence, under the said plea of *non assumpsit*, the record and proceedings of said former recovery, the same referred to and set forth in the proffered plea. The Court would not permit it to be read in evidence to the jury, to which decision the defendants excepted. The jury rendered a verdict for the plaintiff for $2,749·70 and costs.

*O. C. Pratt*, for the plaintiff in error, contended that evidence of a former recovery may be given under the general issue. 1 Chitty's Pl. last ed. title, "*General issue in assumpsit*;" 1 Greenl. Ev. title, "*Judgment*;" 9 Eng. Com. Law R. 437; *Robertson* v. *Smith*, 18 Johns. 459; *Moale* v. *Hollins*, 11 Gill & Johns. 11; *Taylor* v. *Claypool*, 5 Blackf. 558; *Cook* v. *Vimont*, 6 Monroe, 284; *Bush's Heirs* v. *Hampton*, 4 Dana, 84; *Young* v. *Rummell*, 2 Hill's (N.Y.) R. 478; *Miller* v. *Manice*, 6 do. 114; *Wood* v. *Jackson*, 8 Wend. 9; *Gardner* v. *Buckbee*, 3 Cowen, 125.

*S. T. Logan*, for the defendant in error, insisted that the plea of former recovery should not have been permitted to be filed after so great a lapse of time, and contended that the record offered in evidence did not present sufficient evidence, within itself, to bar this suit.

*J. Butterfield* concluded for the plaintiffs in error.

The Opinion of the Court was delivered by

CATON, J.* The two first errors assigned may be disposed of with the single remark, that the motions, the decisions of which are there assigned for error, were addressed to the discretion of the Court, and those decisions cannot be assigned for error. We may, however, remark, that we think that discretion was very properly exercised in this case. The first was a motion, after issue had been joined and several terms had intervened, for leave to file an additional plea

---

* WILSON, C. J., and Justices YOUNG and LOCKWOOD did not sit in this case.

of former recovery for the same cause of action. And the second was a motion by Wann, after a default as to him and the intervention of several terms, to set aside the default as to him, and allow him to plead his discharge as a bankrupt, without showing when he was discharged.

The next question requires more serious consideration. This was an action of *assumpsit*. There were four defendants below, of whom Shaw was one. Legate and Batty pleaded *non assumpsit*, and Wann and Shaw were defaulted. On the trial of the issue, the defendants offered to read in evidence to the jury, the record of a judgment in the Jo Daviess Circuit Court, rendered at the October term 1841, against the defendant Shaw, at the suit of McNulty, for $2775 $\frac{70}{100}$, which, as was alleged, was for the same cause of action which was declared on in this suit. The record thus offered in evidence is set out in the bill of exceptions. There is a special count in the declaration upon an order drawn by Daniel Wann in favor of McNulty, and addressed to Mr. Robert Shaw, agent for the East Fork Furnace Company, for seventy thousand pounds of lead, and which was accepted at thirty days by Robert Shaw. The declaration also contains the common money counts. The case shows that this order was given for the balance of the lead loaned by the plaintiff below in the fall of 1837, for which this suit is brought, and that a recovery was had in that suit upon the order. The Court excluded this record, for which an exception was taken. I think there is sufficient evidence for the consideration of the jury at least going to show that the judgment recovered by McNulty against Shaw was for the same transaction, for which he is now seeking to recover against the defendants below in this cause. There appears to have been but one lot of lead loaned to Shaw in the fall of 1837, for the balance of which that suit was brought against Shaw, and a recovery had. McNulty now insists that the lead was loaned to the East Fork Furnace Company, composed of the defendants, of whom Shaw was the active partner or agent. It is said that that order did not of itself constitute a cause of action, and that, therefore,

that suit could not have been maintained upon it. But it seems to us that it is a matter of no moment whether that suit was sustained by a sort of mutual acquiescence upon that order, or whether it was used merely as evidence on the money counts. The proper inquiry was, whether the former suit was for the same cause of action, to wit, for the balance due for the lead loaned, and that was the proper subject of proof. It should then have been admitted, if it constituted a bar to the action, and was admissible under the general issue. If a demand of an inferior degree is changed into one of a higher character, the former is merged in the latter, upon which the party must alone rely. Thus is a simple contract debt merged in a judgment or debt of record. In that case, a cause of action no longer subsists upon the original demand. The party has a higher security in his judgment. So, if a bond is given for a simple contract debt, the latter is lost in the former, the specialty being of a higher security.

In the case of *Sheehy* v. *Mandeville & Jamesson,* 6 Cranch, 253, the precise question which we are now considering came before the Supreme Court of the United States. Jamesson had given a note in his own name for a partnership debt of himself and Mandeville, upon which a suit had been brought and a judgment recovered against him alone. Subsequently, it was discovered that Mandeville was a secret partner, and a suit was instituted against both for the same debt, and Mandeville pleaded the former judgment against Jamesson in bar of the suit. The Court held that this constituted no defence, and sustained a demurrer to the plea.

Afterwards, the same question came before the Supreme Court of New York in the case of *Robertson* v. *Smith,* 18 Johns. 459, where the subject is carefully examined by Chief Justice Spencer, and the case of *Sheehy* v. *Mandeville,* is reviewed and held not to be good law. He holds, that, as in actions of *assumpsit* it is necessary to prove a joint liability against all of the defendants, where the demand has been reduced to a judgment against a part of the defendants, as to whom it is merged in the judgment and gone, the action

cannot be maintained as against any, because it cannot be against all, there remaining no subsisting joint liability. But it is not in New York alone that the case in 6 Cranch has been overruled. It has shared the same fate in all of the State Courts wherever the question has arisen, so far as I have been able to discover. The same rule was adopted in *Ward* v. *Johnson*, 1⁵ Mass. 148; *Hoale* v. *Hollms*, 11 Gill. & Johns. 11; *Taylor* v. *Claypool*, 5 Blackf. 558. In all of these cases, the questions were precisely identical with the one before us, and in most if not all the case in 6 Cranch was expressly referred to and overruled.

Notwithstanding the respect which we may feel for the opinions of the Supreme Court of the United States, we are well satisfied that the rule adopted by the several State Courts, is more consistent with the principles of law, and supported by better reason. There is such a manifest impropriety in allowing a party to have two judgments in full force against the same defendants for the same cause of action, that we cannot reconcile it to our notions of a correct administration of justice. If a party proceed to judgment against one of the partners, he must be held to his election. We are clearly of opinion, that a judgment against Shaw for the balance of the lead loaned to the East Fork Furnace Company, (if in truth the lead was loaned to that Company), constitutes a bar to a recovery against the other members of the firm which that Company composed. And we are equally clear that that judgment ought to have been given in evidence under the general issue, this being an action of *assumpsit*. Such is the well settled law, both in England and the United States, and indeed was substantially admitted on the argument by the counsel for the defendant in error.

In *Cook* v. *Vimont*, 6 Monroe, 284, and *Lampton* v. *Jones*, 5 do. 236, it was held, that a former recovery for the same cause of action may be given in evidence in an action of *assumpsit* under the general issue in bar of the action; and so the Court of Errors of New York in the case of *Miller* v. *Manice*, 6 Hill, 124. The Chancellor says: "Again, it seems to be pretty well settled in actions of *assumpsit*, where any

thing which shows that the plaintiff has no subsisting cause of action, it may be given in evidence under the general issue. A former verdict and judgment may be given in evidence without being pleaded."

It is so decided in *Young* v. *Black*, 7 Cranch, 565, and and *Young* v. *Bumwell*, 2 Hill, 480, and numerous other cases to which it is unnecessary to refer.

The former verdict and judgment, however, has not the same controlling influence in the case, when given in evidence under the plea of *non assumpsit*, as when specially pleaded. In the former case, it is but *prima facie* evidence; in the latter, it is conclusive, and a complete bar. 6 Hill, 125. The Court, then, improperly excluded the record and judgment in the former suit.

It is unnecessary to look through the evidence, as reported in the bill of exceptions, to see whether a new trial should have been granted or not. The judgment must be reversed, with costs, and the cause remanded, and a *venire de novo* awarded.

*Judgment reversed.*