## McFarlane, Appellant, *v.* Kipp.

*Partnership—Parties—Joint action—Res adjudicata—Judgment.*

Where in an action by a partnership, the defendants set up a claim against the partnership, and secure a certificate in their favor upon which judgment is entered, they cannot maintain a second suit on exactly the same cause of action against one of the plaintiffs in the first suit and two other persons alleged to be partners, but not parties plaintiff in the first suit.

Argued March 19, 1903. Appeal, No. 60, Jan. T., 1903, by plaintiffs, from judgment of C. P. Bradford Co., Sept. T., 1899, No. 238, for defendant non obstante veredicto in case of James McFarlane & Company v. H. E. Kipp, G. W. Kipp and E. F. Kizer, trading as Hiram Frisbie & Company and G. W. Kipp & Company. Before MITCHELL, DEAN, FELL BROWN and POTTER, JJ. Affirmed.

Assumpsit against a partnership. Before NILES, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for the defendants non obstante veredicto.

*A. T. Freedley* and *D. C. De Witt,* with them *I. McPherson,* for appellants.—The record and judgment in the former action is not a bar to a recovery in the present action: Baker v. Small, 17 Pa. Superior Ct. 423.

Identity of parties does not exist: Shafer's App., 99 Pa. 246; Fagely v. Bellas, 17 Pa. 67; Allen v. Union Bank of Louisiana, 5 Whar. 420; Hampton v. Broom et al., 1 Miles, 241; White v. Smith and Robinson, 33 Pa. 186; Sheble v. Strong et al., 128 Pa. 315; Rundell v. Kalbfus, 125 Pa. 123.

The fact that Horace E. Kipp was a member of the firm

against which the former judgment has been recovered, and is a member of the firm against which the verdict in the present action has been rendered, does not prevent the entry of judgment on the verdict in favor of the plaintiffs : Wallace v. Fairman, 4 Watts, 378 ; Potter v. McCoy, 26 Pa. 458.

Inasmuch as the former judgment against Horace E. Kipp was not recovered against him as a member of the firm sued in this action, the case does not come within the letter of the acts of 1830 and 1848 : Vaneman v. Herdman, 3 Watts, 202, 203 ; Moore v. Hepburn, 5 Pa. 399 ; Moore's Appeal, 34 Pa. 411 ; Miller v. Reed, 27 Pa. 244 ; Campbell v. Steele, 11 Pa. 394 ; Bowman v. Kistler, 33 Pa. 106.

*William Maxwell* and *Rodney A. Mercur*, with them *James H. Codding* and *William T. Davies*, for appellees.—A judgment recovered against one partner is a bar to a subsequent suit against both, though the new defendant was a dormant partner at the time of the contract and was not discovered till after judgment : Smith v. Black, 9 S. & R. 142 ; Anderson v. Levan, 1 W. & S. 334 ; United States v. Ames, 99 U. S. 35.

The rule that what has been judicially determined shall not again be made the subject of controversy, extends to every question in the proceedings which was legally cognizable, and applies where a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding. . . . In order to render a judgment effectual as a bar it must appear that the cause of action is the same in substance and can be sustained by the same evidence : Schwan v. Kelly, 173 Pa. 65 ; Hartman v. Incline Plane Co., 2 Pa. Superior Ct. 123 ; Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438 ; Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271.

There can be but one final judgment in any personal action, whether founded in contract or in tort : O'Neal v. O'Neal, 4 W. & S. 130 ; Noble v. Laley, 50 Pa. 281 ; Russell v. Archer, 76 Pa. 473 ; Com. v. McCleary, 92 Pa. 188 ; Murtland v. Floyd, 153 Pa. 99.

Where a recovery has been had in a suit, in which the plaintiff counted for an entire sum, the record of such recovery is

a conclusive bar to another suit brought on the same contract, to recover a sum which was included in the declaration in the first suit: Hess v. Heeble, 6 S. & R. 57 ; Ingraham v. Hall, 11 S & R. 78 ; Kilheffer v. Herr, 17 S. & R. 319 ; Carvill v. Carrigues, 5 Pa. 152 ; Logan v. Caffrey, 30 Pa. 196 ; Alcott v. Hugus, 105 Pa. 350 ; Buck v. Wilson, 113 Pa. 423.

A verdict and judgment between the same parties or their privies, on the same subject-matter, though in a different form of action, is admissible and conclusive : Marsh v. Pier, 4 Rawle, 273 ; Kean v. McKinsey, 2 Pa. 30.

OPINION BY MR. JUSTICE BROWN, May 18, 1903 :

In 1893, Hiram Frisbie and Horace Kipp, trading as Hiram Frisbie & Company, brought suit against James McFarlane & Company in the court of common pleas of Bradford county to December term, 1893, No. 331, to recover damages for an alleged breach of a lumber contract. When the case came to trial there was a verdict rendered on April 17, 1901, in favor of the defendants, under their plea of set-off, for $10,644.76. While that suit was pending, the appellants, on June 7, 1899. in the same court brought suit against H. E. Kipp (who was the Horace Kipp in the other suit), G. W. Kipp and E. F. Kizer, trading as Hiram Frisbie & Company and G. W. Kipp & Company. This second suit was for precisely the same claim for which the plaintiffs, as defendants in the former suit, under their plea of set-off, recovered a judgment against Hiram Frisbie and Horace Kipp, trading as Hiram Frisbie & Company. The verdict of the jury in the second suit was for $11,421.82.

Instead of pleading in abatement in the first suit that G. W. Kipp and E. F. Kizer, now alleged to be copartners of Frisbie and H. E. Kipp, had not been named as plaintiffs, the defendants went to trial, electing to stand on their plea of set-off to recover a judgment against the plaintiffs on the record. It is true that, in an anomalous way, they did try, after the verdict and certificate had been returned in their favor, to insert the names of G. W. Kipp and E. F. Kizer as plaintiffs, and succeeded in doing so ; but the whole proceeding was so grossly irregular that we reversed the judgment entered against G. W. Kipp and Kizer and ordered their names to be stricken from the record : Frisbie v. McFarlane, 196 Pa. 116.

In the present case the question reserved by the court was, whether the plaintiffs can now recover on their claim, which is the identical one used by them in their recovery against one of the present defendants, plaintiff in the suit to December term, 1893, No. 331. Having been of opinion that the plaintiffs could not use their claim a second time for the purpose of obtaining a second judgment against the firm of Hiram Frisbie & Company and Horace E. Kipp, the judgment was directed to be entered for the defendants non obstante veredicto, and the only question for our consideration is the correctness of the judgment so entered.

McFarlane & Company had but one cause of action against the firm of Hiram Frisbie & Company, whoever may have composed it. Instead of enforcing it in the present suit, they saw fit to do so, under their plea of set-off, in the former one, in which H. E. Kipp, as a member of the firm, was one of the plaintiffs. By that plea, when they insisted upon a certificate in their favor, which they received from the jury, they became the actors, and, having recovered once against Horace E. Kipp, upon the joint contract of the copartnership, neither he nor any of the others jointly bound with him, but who may not have been joined with him as a plaintiff, can be subjected to a suit by the defendants against him and them for identically the same thing that was the subject of their set-off. This present suit is against him as well as them, and, being for the joint liability, judgment cannot be only against them. It must be against all of them, or in favor of all of them. But, if against all of them, there will be two judgments against Kipp on the same claim. The Acts of April 6, 1830, P. L. 277, and April 11, 1848, P. L. 536, providing when copartners not served or included in one suit can be sued in another, have no application to a case like this, and the question before us will be disposed of without regard to them, according to the common-law rule upon the subject.

By their election to recover under their plea of set-off in the first suit, the appellants were as effectually bound as if they had recovered on the same cause of action in another suit in which they were the plaintiffs. Even if they had not known when they put in their plea who composed the firm, their subsequent discovery of who the real members were could not give

them a new cause of action. The breach of the contract was their cause of action, and the discovery of other partners could not give them a new substantive cause of action: Smith v. Black, 9 S. & R. 142. In that case, in which it was decided that a judgment recovered against one partner is a bar to a subsequent suit against both, though the new defendant was a dormant partner at the time of the contract, and was not discovered until after the judgment, DUNCAN, J., said: "No principle is better settled, than that a judgment once rendered absorbs and merges the whole cause of action, and that neither the matter, nor the parties, can be severed, unless, indeed, where the cause of action is joint and several, which certainly actions against partners are not: transit in rem judicatam. . . . . I am of opinion, that the law will not suffer this splitting up either of actions or severing of persons, and that where the cause of action is a joint one, a judgment once rendered extinguishes the original cause of action, and is a bar, not only to a subsequent action brought against the same persons, but against all others; that the judgment puts an end to all litigation on the subject-matter of the action, and that a discovery of a new party, or the happening of new damages does not give a new cause of action." "It must be considered settled, that if the known partner is sued, and judgment and execution against him, without satisfaction, a dormant partner, afterwards discovered, cannot be made liable:" Anderson v. Levan, 1 W. & S. 334.

The doctrine in England and in this country as to the effect of a suit and judgment against one of two or more partners or joint contractors is announced in Mason v. Eldred, 73 U. S. 231: "The general doctrine maintained in England and the United States may be briefly stated. A judgment against one upon a joint contract of several persons, bars an action against the others, though the latter were dormant partners of the defendants in the original action, and this fact was unknown to the plaintiff when that action was commenced. When the contract is joint, and not joint and several, the entire cause of action is merged in the judgment. The joint liability of the parties not sued with those against whom the judgment is recovered, being extinguished, their entire liability is gone. They cannot be sued separately, for they have incurred no sev-

eral obligation; they cannot be sued jointly with the others, because judgment has been already recovered against the latter, who would otherwise be subjected to two suits for the same cause." In support of this doctrine, among many other authorities to which attention could be called, reference is made to the following: King v. Hoare, 13 Meeson & Welsby, 494; Sessions v. Johnson, 95 U. S. 347; United States v. Ames, 99 U. S. 35; Ward v. Johnson et al., 13 Mass. 148; Robertson v. Smith, 18 Johnson, 459; Wann v. McNulty, 7 Ill. 355.

The appellants having recovered once against Horace E. Kipp cannot do so again for identically the same claim in this suit against him and others, now alleged to be his copartners, and the judgment in favor of the defendants non obstante veredicto, is affirmed.