## A. HIMMELMANN v. GEORGE COFRAN.

DUTY OF SUPERINTENDENT OF STREETS IN SAN FRANCISCO.—It is the duty of the Superintendent of Streets in San Francisco, after the fulfillment of a contract to improve the same, to make an assessment on the lots to cover the sum due for the work, and then to issue a warrant thereon. No time is limited within which the assessment must be made, nor is the fact that a void assessment has already been made an excuse for not making a valid one.

WRIT OF MANDATE TO SUPERINTENDENT OF STREETS.—An abortive attempt to make a valid street assessment does not exhaust the power of the Superintendent; nor does it constitute a good defense to an application for a mandate to require the Superintendent to make an assessment in the mode prescribed by law.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Wm. Hale,* and *M. A. Edmonds,* for Appellant.

The principle that a power which in its nature can be exercised but once may be exhausted by an imperfect performance, is familiar enough, but we never heard that it could be exhausted by an entire failure to act, unless the time to act should have elapsed. Nor is the principle alluded to universal, but there are many cases where an imperfect performance of a legal duty is considered as no performance, and the party interested may still require and compel a perfect performance. We instance the recording of a deed. One record thereof is all the law requires or would compel the Recorder to make. But suppose, by a mistake in copying, the land is misdescribed on the record; such a record would not be constructive notice, and the deed might, doubtless, be re-recorded, notwithstanding the certificate of recording on the back.

*Irving & Brown,* for Respondent.

By the Court, SAWYER, C. J. :

This is an application for a mandate to require the Superintendent of Streets of San Francisco to make an assessment, and issue his warrant in pursuance of the provisions of the statutes in such case provided. The contract was duly made, and fully performed, so as to entitle the petitioner to have an assessment made upon the land fronting upon the improvement for payment. The Superintendent of Streets made an attempt at an assessment, in all respects similar to that in question, in the case of *Dougherty* v. *Hitchcock,* 35 Cal. 512. The District Court denied the mandate, on the ground, as we are informed, that the Superintendent, by his former

attempt to make an assessment, had exhausted his power, and had, consequently, no further authority to act in the premises. The petitioner appeals.

In *Dougherty* v. *Hitchcock*, this Court held that the assessment, and the warrant issued thereon, in that case were utterly void and of no effect, because it was in no way authenticated as an official act by the signature of the Superintendent. The Court adheres to that decision. The case does not fall within the principle of a certain class of cases which hold that, when a power is conferred which, in the nature of things, cannot be but once exercised, a defective execution exhausts the power.

In this case the statute makes it the duty of the Superintendent, after the fulfillment of the contract to his satisfaction, to make an assessment to cover the sum due for the work performed in accordance with the provisions of the Act, and afterwards to issue a warrant thereon. No time is limited within which the assessment must be made. Time is, therefore, not of the essence of the power. In this case, under the decision in the case cited, he has never made an assessment in pursuance of the provisions of the Act. His act was utterly void, and of no more legal force than so much blank paper. His act, in legal contemplation, was no act. The warrant issued, based upon his blank and void assessment, and all subsequent proceedings were void. They created no lien or charge upon the land, and in no way affected the rights of the parties. The Superintendent has not performed the duty enjoined upon him by the Act, and we know of nothing that stands in the way of his performing it now. (*Pond* v. *Negus*, 3 Mass. 230; *Libby* v. *Burnham*, 15 Mass. 148; *Bangor* v. *Lancy*, 21 Maine, 473.)

The contractor is entitled to have an assessment made which shall be effectual to charge the land and enable him to obtain the money due for his labor. His rights can no more be defeated by a neglect, refusal, or failure to make an assessment in the mode described, than by a neglect or refusal to act at all. The void act is equivalent to no act,

and if this abortive attempt at an assessment should be held to exhaust the power of the Superintendent, in all cases the rights of the contractor could as well be defeated, and the provisions of the statute nullified in this manner, as by a direct refusal to act. We think it the duty of the Superintendent of Streets to make an assessment, in all respects in pursuance of the statute, and to issue his warrant thereon in the same manner he should have done in the first instance.

The judgment of the District Court is reversed, and the Court directed to issue its peremptory mandate in pursuance of the prayer of the petition, and the remittitur is directed to issue forthwith.