ALBERT SHEPARD, APPELLANT, v. ANN E. McNEIL, THE HIBERNIA SAVINGS AND LOAN SOCIETY, CATHARINE McNEIL AND DANIEL McNEIL, RESPONDENTS.

JUDGMENT—CONSTRUCTION OF.—A judgment must be construed in connection with the case made by the complaint, and in view of the law applicable to the subject.

PRACTICE—NEW TRIAL.—That the judgment is broader than the facts alleged and found will justify, is no ground for a new trial. The remedy is by an appeal from the judgment on the judgment roll.

STREET ASSESSMENTS IN SAN FRANCISCO.—In an action for street assessments in San Francisco, the admission "that after the completion of the work the same was accepted by the Superintendent, and no appeal from the decision of the

Superintendent in reference thereto was taken to the Board of Supervisors," is conclusive of the case, and judgment should be given for plaintiff without further proof.

PRACTICE—AMENDED ANSWER.—It is not an abuse of discretion for the Court to refuse to allow the defendant to file an amended answer, to a verified complaint, which is evasive—which tenders only an immaterial issue—and which he does not verify, nor propose to verify.

EVASIVE ANSWER.—To a complaint seeking to enforce the lien of an assessment for street improvements in San Francisco, an answer which denies that the Superintendent of Streets "originally" made the assessment in his official capacity, is evasive, and tenders an immaterial issue.

STREET SUPERINTENDENT IN SAN FRANCISCO—DUTY OF IN MAKING ASSESSMENTS.— If the Superintendent "originally" fails to authenticate his record by his official signature, it his duty afterwards to make a valid assessment.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The case is stated in the opinion.

*R. P. & Jabish Clement,* for Appellant.

*P. G. Buchan,* for Respondents.

SAWYER, C. J., delivered the opinion of the Court:

This is an appeal from an order granting a new trial in an action to recover a street assessment in San Francisco, after a finding and judgment in favor of plaintiff. The new trial was granted, as appears by the order itself, "on the ground that the plaintiff has entered a personal judgment against defendants." We think the Court mistaken in supposing that there was a personal judgment against defendants. There is certainly none in form. It determines the amount due; that it is a lien upon the premises described, and directs that they be sold by the Sheriff; that the costs, expenses and amount of the assessment be paid out of the proceeds, and the balance, if any, be paid into Court to abide its further order, and there stops, without awarding a recovery against defendants personally, or making any provision whatever for a deficiency. It is true that, as preliminary to, and a foundation for, the relief actually granted, the judgment declares "that there is due the plaintiff, Albert Shepard, from the defendants, Ann E. McNeil, etc., the sum

of $366 64, and the same constitutes a lien upon the tract," etc. This is all true; but the remedy for enforcing payments, as against the defendants, is limited by the Constitution, as construed by this Court, to a sale of the land subject to the lien—and this is all the judgment awards. It adjudges no recovery against the defendants personally. The judgment must be construed in connection with the case made by the complaint, and in view of the law applicable to the subject. If we are correct in this view, the only ground upon which the Court based the order under consideration fails. Besides, it is no ground for a new trial of the issues of fact that the judgment is broader than the facts alleged and found would justify. Such an error in no way affected the findings. The error occurred in entering the judgment subsequent to the findings. It did not occur in the course of the trial, but afterward, and it is, therefore, not one of the grounds for a new trial. (Prac. Act, Sec. 193.) There is no complaint that the findings were incorrect in this particular. The point is not specified in the statement as a ground for new trial. If there was any error in entering the judgment, the defendants have their remedy by appeal from the judgment itself on the judgment roll. The order granting a new trial on the ground stated is erroneous.

It is claimed, however, that the order is right upon other grounds, and that it should not be reversed because founded upon a wrong reason. The cause was submitted on the pleadings by the plaintiff, without evidence, and the judgment rendered because the answer presented no material issue. It is claimed that issue was well taken, on the eighteenth and nineteenth paragraphs of the complaint, as to the completion of the work in time, and that the work was done "to the satisfaction of the Superintendent." It may be conceded that if these averments stood alone, they were sufficiently denied, and would be material. But the twentieth paragraph covers the entire ground. It is as follows : "That after the completion of the said work, as hereinbefore stated, the same *was accepted by said Superintendent as full, complete and perfect performance of all the conditions of said contract, and no appeal from the decision of said Superintend-*

*ent in reference thereto was* taken to the Board of Supervisors." There was no attempt to deny this allegation in any form. It stands admitted, and, being taken as true, it is entirely conclusive of the whole question. The work having been accepted and approved by the Superintendent, if the parties were dissatisfied with his action, they should have appealed to the Board of Supervisors. This was their only remedy. (*Emery* v. *Bradford,* 29 Cal. 75 ; *Taylor* v. *Palmer,* 31 Cal. 248 ; *Beaudry* v. *Valdez,* 32 Cal. 278.)

It is, also, claimed that the Court erred in refusing to allow defendants to amend their answer in the particulars asked. The proposed amendment was evasive, and presented no material issue. It was proposed to deny that the Superintendent of Streets made an assessment, "for the reason that said assessment was not *originally* signed by the Superintendent *in his official capacity.*" It is not material in what form he *originally* signed the assessment, provided that it was afterwards properly signed in due time to constitute a lien, which is the material thing to be done, and the qualified denial does not take issue on this point. It is evasive, and tenders an immaterial issue. If the Superintendent "originally" fails to authenticate his record by his official signature, it is his duty afterwards to make a valid assessment. (*Himmelman* v. *Cofran,* 36 Cal. 411.) *Non constat* but that he did so in this case.

Besides, it does not appear that defendants verified, or offered to verify, their amendment, and it may be that the Court refused the application on that ground. At all events, the records does not affirmatively show error on this point.

Order reversed, and Court directed to enter an order denying new trial.