[No. 11180.    Department Two. — May 27, 1886.]

## J. S. DYER, RESPONDENT, *v.* C. SCALMANINI ET AL., APPELLANTS.

PRACTICE — PRIOR ACTION WHEN NOT BAR — DISMISSAL. — An action will not be dismissed on the ground that at the time it was commenced there was another action pending between the same parties for the same cause of action, if prior to the trial of the second action the former had been dismissed by stipulation of the parties.

STREET ASSESSMENT — COST OF UNAUTHORIZED WORK — APPEAL TO SUPERVISORS. — A street assessment which includes the cost of more work than that authorized is not void as to the cost of work properly included therein, and may be corrected on an appeal to the board of supervisors.

ID. — ACTION TO ENFORCE ASSESSMENT — SECOND ASSESSMENT — ESTOPPEL — EVIDENCE. — The defendants, in an action for the enforcement of a street assessment in the city and county of San Francisco, averred in their answer that the assessment was void because it included the cost of work that was not authorized by the order of the board of supervisors, and procured the dismissal of the action on that ground. The superintendent of streets, acting upon the supposed invalidity of the assessment, thereupon made a second assessment, covering the work ordered by the board, which the present action was brought to enforce. The defendants set up the first assessment as a bar to the action. *Held*, that the defendants were estopped to deny the invalidity of the first assessment, and that the plaintiffs could introduce evidence of the estoppel without pleading it.

ID. — SUPERINTENDENT OF STREETS. — *Held further*, that the superintendent of streets had power to make the second assessment, which, if valid, superseded the first assessment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Campbell & Campbell*, and *D. H. Whittemore*, for Appellants.

*J. M. Wood*, for Respondent.

FOOTE, C. — This action was initiated for the purpose of recovering a street tax assessment upon some lots on Greenwich Street in San Francisco.

The contract, by reason of which the assessment was

made, was awarded to the plaintiff Dyer's assignor, on the fourth day of November, A. D. 1874.

On the twenty-ninth day of July, 1875, that which the defendant contends was a valid assessment was made for the purpose of paying the contractor for his work. This assessment was for macadamizing part of Greenwich Street, as well as sidewalks and angular corners thereon.

On that assessment suit was brought by the plaintiff on the twenty-eighth day of October, A. D. 1875, which was afterward dismissed under a stipulation between the parties.

On the twenty-third day of November, 1877, another assessment was made, which was for macadamizing said street at the same point as in the former assessment, except that it did *not* include any assessment for sidewalks or angular crossings of said street.

On the seventh day of August, 1876, the trial court ordered judgment for the plaintiff on the first alleged assessment, for the sum of $316.43, interest, costs, and attorney's fees. The conclusions of law of the judge stated among other things that the contract under which the assessment was made was only invalid so far as it referred to sidewalks of Greenwich Street, and that the cost of the work for macadamizing said street could be separated from that for the sidewalks and angular corners thereof.

The present action was brought to foreclose the lien of the assessment last made.

The plaintiff obtained judgment, and from that and an order denying a new trial the defendants appeal, and one of the grounds upon which they base their contention for reversal thereof is, that at the time the last action was begun there was another pending between the same parties and for the same cause of action.

They further complain that the court below erred in finding that the assessment sued on was valid and binding. For they aver that a former valid assessment, which

included the work of the latter assessment, was proved to have been made, and that the last assessment was levied without authority of law and was void, and as a consequence, that the judgment here is not shown to be based on a sufficient cause of action.

From the record it appears that the order of the board of supervisors, by virtue of which the contract to macadamize Greenwich Street was entered into, did *not* authorize the macadamizing of those parts of it set aside by the ordinance for sidewalks and angular corners thereon.

But the assessment first made by the superintendent of streets, highways, and squares did include that for such sidewalks and corners, and was, of course, for a sum of money in excess of that authorized by the said board of supervisors.

But the defendants contend that said superintendent having once made an assessment under the contract, and for the same work as that included in the second assessment, his power was exhausted, and that whether the first assessment was in all respects correct or not, he could make no other.

The pendency of a prior suit between the same parties for the same cause of action was good ground for the abatement of the second suit at common law.

And this rule is based upon the supposition that the first suit was effective, and afforded an ample remedy to the party, and hence that the second was unnecessary, and as a consequence vexatious.

This being the reason for the rule, it would seem that when the former ceased the latter should also.

In this state pleas in abatement are not favored, and in a case somewhat similar to the one in hand, with reference to the matter of the identity of the causes of action in both suits, such a plea was not sustained. (*Thompson* v. *Lyon,* 14 Cal. 39–43.)

It further appears from the record here that the first suit which is pleaded as pending was in fact dismissed on the eighteenth day of April, A. D. 1883, in pursuance

of a stipulation made between the parties thereto on the twenty-fifth day of September, 1880; that the judgment thereon should abide that of the Supreme Court of California, in the case of *Dyer* v. *Ryan*, No. 3947, which was rendered on the date of the dismissal above mentioned. This having been done, and the trial of the action under consideration having (according to the statement on motion for new trial) come on before the court below, sitting without a jury, on the twenty-ninth day of May, 1883, it would seem that as the action first brought was dismissed before the second was tried, the reason for upholding a plea in abatement, on the ground that it was vexatious, oppressive, and unnecessary, no longer existed, and the court below was right in finding that no action between the same parties for the same cause of action was pending, for which the last suit should be abated. (*Hixon* v. *Schooley*, 26 N. J. L. 461–462.)

The record of the action pleaded as pending shows that the defendants here were all sued therein, and that they set up in their answer as a bar to any recovery against them the invalidity of the first assessment, by reason of the fact that the superintendent of streets, squares, etc., had included therein the cost for work which the board of supervisors had never authorized.

If it were true as a matter of law that such first assessment was void, then the superintendent aforesaid could have made another assessment for the work actually authorized, and if in doing so he complied with the statute, as was the case in the assessment in controversy here, that would have been valid, since the law under which he made it does not prescribe the time within which it must be done after the work was performed. (Stats. 1871–72, p. 813, sec. 9; *Himmelmann* v. *Cofran*, 36 Cal. 411.)

It has been held, however, by this court that a street assessment which includes the cost of more work than that authorized is not void so far as it includes that provided for in a valid contract, and that such an error may

be corrected on appeal to the board of supervisors. (*Himmelmann* v. *Hoadley*, 49 Cal. 276–279.)    And while, therefore, it may be that the plaintiff in this case could have maintained his action had he obtained (on appeal to the board of supervisors) the correction thereof, and had then made a demand upon the owners of the property assessed for its payment, in accordance with the statute, and the corrected assessment and the valid part of the cost of the improvement or work could have been separated from that which was invalid (*Baudry* v. *Valdez*, 32 Cal. 276; *Himmelmann* v. *Hoadley*, 49 Cal. 276–279; *Dyer* v. *Chase*, 52 Cal. 440; *Dyer* v. *Ryan*, 11 Pac. C. L. J. 253, upholding *Dyer* v. *Chase*), yet in this case the question arises, Are not the defendants now estopped from denying the invalidity of the first assessment?

An action was brought upon the original assessment, which included work not authorized in the notice or by the order of the board of supervisors.    In that action, the defendants, by their answer, averred the invalidity of such assessment, and by their opposition thereto procured the dismissal of the action.

The street superintendent, upon the alleged invalidity of the first assessment, made a second assessment covering the work ordered by the board of supervisors, and upon such second assessment this action is brought. Defendants now seek to uphold the first assessment as valid, and as a sequence contend that the street superintendent had no authority to make the second assessment.    This they cannot be permitted to do.    Having obtained a dismissal of the first action upon their contention that it was based upon a void assessment, and having thus obtained all the advantages which could flow from such a condition, they are now estopped from saying that such first assessment was valid and binding.

"Suppose one by words or conduct willfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to

alter his own previous position, the former is concluded
from averring against the latter a different state of things
as existing at the same time." (*Pickard* v. *Leers,* 6 Ad. &
E. 447; *Dezell* v. *Odell,* 3 Hill, 219; S. C., 38 Am. Dec. 628;
*Willard Canal Company* v. *Hathaway,* 8 Wend. 483; *Davis*
v. *Davis,* 26 Cal. 26–41.)

It is true that an estoppel *in pais* in accordance with
the rules of equity practice should be pleaded as a de-
fense. (*Davis* v. *Davis, supra.*) But in this case the
complaint was based upon the second assessment, the de-
fendants set up the first assessment as a bar to the plain-
tiff's right of recovery; it was then the latter's right to
show by evidence, which was introduced without objec-
tion, that the defendant's right to maintain and prove
the truth of such plea was estopped by their previous
course of action. (*Flandereau* v. *Downey,* 23 Cal. 354.)
And in view of the fact that the time within which the
superintendent of streets may make such assessments is
not prescribed by statute, we see no sufficient reason why
he should be prohibited from making a second assess-
ment, valid in all respects, upon which an action could
be maintained; if his first assessment for the cost of the
work was valid in part and void in part, it would be
entirely superseded by the last valid assessment.

In no event, under proper pleadings, could the plaintiff
have been permitted to recover but once upon the same
cause of action; and as we have seen, in the present in-
stance no harm could arise to the defendants, since the
suit upon the first assessment, which they pleaded as
invalid, has been dismissed under stipulation.

It is therefore evident that the trial court, for all the
purposes of this action, found properly, and that the
judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment and order are affirmed.