[S. F. No. 905. In Bank.—September 20, 1899.]

WILLIAM EDE, Appellant, v. JOSEPH CUNEO et al., Respondents.

STREET IMPROVEMENTS—ASSESSMENT—STATUTORY PROCEEDINGS.—Proceedings for the improvement of streets are purely statutory. The right to an assessment and the lien created thereby can exist only by virtue of the statute and in accordance with its terms; and the rights and obligations of the parties are to be determined by the terms of the statute.

ID.—OBJECT OF AMENDMENT OF STATUTE—PROVISION FOR NEW ASSESSMENT. The amendment of 1889 to section 9 of the street improvement act was designed to limit the time within which a second assessment might be made, and to prescribe the conditions under which the superintendent would be authorized to issue it. The right to a new assessment does not exist thereunder, unless it appears by the final judgment in a suit upon the prior assessment that the suit was defeated by reason of some infirmity in the assessment, or in the recording thereof, or in some matter connected with the return of the warrant.

ID.—CONSTRUCTION OF STATUTE—ABSENCE OF CERTIFICATE OF ENGINEER—VALIDITY OF LIEN.—The amendment of 1889 does not authorize the issuance of a new assessment in a case where the plaintiff was defeated in a suit upon the former assessment by reason of the absence of a certificate of the city engineer and of the record thereof, or merely upon the ground that no lien had been created upon the property.

ID.—RIGHTS OF CONTRACTOR—ENFORCEMENT OF COMPLETE DOCUMENT—ACCEPTANCE OF LESS.—The contractor who has completed his contract is not required to accept an incomplete or imperfect document from the superintendent of streets, and if it lacks the certificate of the engineer, or is otherwise incomplete, he may enforce the issuance of a document meeting all the requirements of the statute. But, if he accepts an incomplete document, and his lien is defeated thereby, he is not entitled to a second assessment, if the case does not fall within the terms of the amendment of 1889.

ID.—PLEADING—RECORD OF DOCUMENTS—CONCLUSION OF LAW.—An al'e-
gation in the complaint upon a new assessment that the prior as-
sessment, diagram, warrant, and purported engineer's certificate
were "never duly or properly or legally recorded" in the office of
the superintendent of streets, is the averment of a legal conclu-
sion, and not of a fact, and imports that the documents were re-
corded. The opinion of the plaintiff cannot be substituted for
the judgment of the court; and the complaint should point out
the defect in the record which is relied upon by the plaintiff.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

William H. Chapman, E. G. Knapp, J. S. Reid, Alexander G.
Eells, H. K. Eells, George D. Shadburne, and Fisher Ames,
*Amici Curiae,* also for Appellant.

J. P. Langhorne, for Respondents.

HARRISON, J.—Action upon a street assessment. The com-
plaint is in the ordinary form for the foreclosure of the lien of
a street assessment, and alleges that the contract for doing the
work was entered into August 13, 1890, and completed within
the time fixed therefor, and that an assessment for the work was
issued July 6, 1896. It also alleges that on December 6, 1894,
the superintendent of streets made and issued an assessment for
the same work, upon which an action was brought in the supe-
rior court May 29, 1896, and that on the 15th of June, 1896,
that court rendered a final judgment therein that the plaintiff
was not entitled to recover on said assessment; and that it ap-
pears by said final judgment that the plaintiff was defeated by
reason of the fact that the city engineer of said city and
county had never made any engineer's certificate of said work,
and that the assessment, diagram, warrant, and purported en-
gineer's certificate were never "duly or properly or legally"
recorded in the office of the superintendent of streets; and that
by reason thereof no lien was created by said assessment. A de-
murrer to this complaint was sustained by the court, and judg-
ment entered in favor of the defendants, from which the plaintiff
has appealed.

Section 9 of the street improvement act, as amended in 1889 (Stats. 1889, p. 167), provides: "Whenever it shall appear by any final judgment of any court in this state that any suit brought to foreclose the lien of any sum of money assessed to cover the expense of any street work done under the provisions of this act has been defeated by reason of any defect, error, informality, omission, irregularity, or illegality in any assessment hereafter to be made and issued, or in the recording thereof, or in the return thereof, made to or recorded by said superintendent of streets, any person interested therein may at any time within three months after the entry of said final judgment" apply to the superintendent of streets and have issued to him another assessment in conformity to law.

Proceedings for the improvement of streets are purely statutory, and the rights and obligations of the parties to be affected thereby are to be determined by the terms of the statute. The right to an assessment, as well as the lien created thereby, exist only by virtue of the statute, and can be brought into existence only in accordance with its terms.

Prior to the amendment of 1889 it had been held that, when a contractor failed in his suit to foreclose the lien by reason of certain defects in the assessment, he was entitled to another assessment freed from these defects, and that there was no statutory limitation of time for its issuance. (*Himmelmann v. Cofran,* 36 Cal. 411; *Dyer v. Scalmanini,* 69 Cal. 637; *Wood v. Strother,* 76 Cal. 545; 9 Am. St. Rep. 249.) If, however, the original assessment was in conformity with law, the superintendent had exhausted his power therein, and until that assessment was legally vacated or set aside he had no authority to issue another. By the above amendment, however, the legislature fixed the conditions upon which a second assessment might be issued, and the time within which an application therefor should be made. It must be assumed that the legislature intended thereby some change in the law as it previously existed, for if, notwithstanding the amendment, the superintendent can still issue a second assessment at any time and under any conditions, the amendment would cease to have any operative effect. But it is evident from the terms of the amendment that the object of the legislature was to limit

the time within which a second assessment might be made, as well as to prescribe the conditions under which the superintendent would be authorized to issue it. The contractor is not required after the completion of his contract to accept from the superintendent an incomplete or imperfect document, but may still demand of that officer that he issue to him an assessment in conformity with law, and, in case of his refusal, may even compel him to issue one that shall meet all the requirements of the statute. If, however, instead of insisting upon such an assessment, he without objection accepts such documents as that officer elects to deliver to him, and thereafter brings an action thereon and is defeated, he is not entitled to another assessment, unless he brings himself within the terms of the amendment of 1889. The jurisdiction of the superintendent of streets is limited, and can be exercised only within the period of time therein named, and under the conditions therein expressed, and the final judgment of a court is made the sole evidence upon which the superintendent may determine whether these conditions exist. In *Gray v. Lucas,* 115 Cal. 430, it was said: "Under this provision of the statute, the right to a second assessment does not exist, unless it 'appear' by the final judgment in a suit upon the prior assessment that the suit was defeated by reason of some infirmity in the 'assessment,' or in the recording thereof, or in some matter connected with the return of the warrant."

The complaint herein does not allege that the former "assessment" was in any respect invalid, or that the failure to recover thereon was by reason of any infirmity in the "assessment," but alleges that the plaintiff was defeated by reason of the absence of a certificate of the city engineer, and of a record of such certificate. It thus appears that the conditions under which the superintendent could issue a second assessment are not shown to have existed. The statute does not authorize its issuance in a case where the plaintiff was defeated in an action upon the former one by reason of a defect or absence of the engineer's certificate, or upon the ground that no lien had been created upon the property. The contractor could have refused to accept the assessment from the superintendent, without the certificate, but, if he did accept it, and brought his action thereon and was defeated upon this ground, the statute does not authorize the issuance of an-

other assessment. The legislature might have authorized the issuance of a second assessment in case of the failure to recover upon the ground of any defective document, but it has not done so, and we are not at liberty to add to the statute terms or conditions which the legislature has not seen fit to include therein.

The contention of the appellant that it was the intention of the legislature to authorize a second assessment whenever the contractor failed to establish a lien upon the property by reason of a defect in any of .the documents upon which such lien depended, is untenable. Aside from the fact that such construction of the statute is at variance with its language, a consideration of the terms used indicates very clearly that it was only for some infirmity in the assessment or in its record that the legislature intended thereby to authorize a second assessment. The documents essential to the creation of the lien are distinct in themselves, and are so regarded in the various provisions of the statute.    Section 7 gives specific directions for the form of the assessment, varying according to the nature of the work done; and section 8 provides that the superintendent shall "make" an assessment in conformity with the provisions of section 7, and that the assessment shall have "attached thereto" a "diagram" exhibiting the street on which the work was done, and the lots assessed therefor; and section 9 provides that a "warrant," whose form is prescribed, shall also be "attached" to said assessment, and that these three documents, together with the certificate of the city engineer, shall be recorded in the office of the superintendent, and after being recorded shall be delivered to the contractor.    Each of these documents essential to the creation of a lien is separate and distinct, and is to be complete in itself, and the foregoing amendment to section 9 authorizes the superintendent, under the conditions there named, to make and deliver a new "assessment, diagram, and warrant."

By the street improvement act, as originally enacted in 1885, as well as by the various statutes for street improvements previously in force in this state, the superintendent of streets was required to record the assessment before delivering it to the contractor, and it was held at an early day (*Himmelmann v. Danos,* 35 Cal. 441) that, unless recorded and the record thereof properly authenticated, the assessment created no lien.    It is reasona-

ble to suppose that the legislature had in view this interpretation of the statute when it provided that the superintendent might make a second assessment if there was any defect in the record of the original one; and it is also reasonable to assume that, inasmuch as the provision for recording the engineer's certificate was made a part of the statute at the same time with the foregoing provision for a second assessment, if the legislature had intended that a second assessment might be made, in case there has been a defect in the record of the certificate when the former one was issued, it would have expressed such purpose in definite terms. It is a familiar rule of interpretation that a word which is used several times in the same section of a statute shall receive the same construction, unless there is something in the context indicating a different meaning; but there is nothing in the section under consideration which demands different constructions to be given to the word "assessment" in the different places in which it is used. The phrase "any assessment hereafter to be made and issued" must refer to the assessment as distinguished from the other documents, and the term "issued" is not predicable of any action by the superintendent of streets in reference to the certificate of the engineer. The antecedent to the clause "or in the recording thereof" is the noun "assessment" in the previous clause of the same sentence, and the "assessment" which the contractor is authorized to apply for, as well as the "new assessment, diagram, and warrant" which is to be made and delivered to him, can have reference to no other documents than those to be made and issued by the superintendent. The entire scope of the provision is limited to some document made by the superintendent, and cannot be extended to matters independent thereof, or incidental thereto, and which are not named in the statute, although they may be essential to the creation of a lien.

The allegation in the complaint that the prior assessment, diagram, warrant, and purported engineer's certificate were "never duly or properly or legally recorded" in the office of the superintendent of streets is the averment of a legal conclusion, and not of a fact. This allegation imports that these documents were recorded, but whether they were "properly" or "legally" recorded was to be determined by the court upon facts shown in reference thereto, and the opinion of the plaintiff as to the effect

of these facts could not be substituted for the judgment of the court. He should have pointed out the defect in the record upon which he relies, in order that the court might determine whether it impaired its sufficiency.

The judgment is affirmed.

Henshaw, J., Temple, J., and McFarland, J., concurred.

VAN DYKE, J., dissenting.—I dissent. I am unable to agree with the prevailing opinion in the construction it places upon the amendment of the street law of 1889. To limit the operation of the amendment to such errors, irregularities, and illegalities as affect only the assessment as such, as contradistinguished from either of the other instruments, to wit, the diagram, warrant, and certificate of the city engineer which are required to be recorded by the superintendent of streets with the assessment proper in order to constitute the lien, is, in my opinion, too strict and technical. It is true that a proceeding to enforce a lien under the street law is *in invitum,* and that the rule in such cases requires a strict compliance with all the provisions of the law in relation thereto. But in the construction or interpretation of the statute itself no such rule applies. The street law itself declares: "This act shall be liberally construed to effect the ends of justice." (Street Improvement Act, sec. 12.) Further, the amendment in question is remedial in its character. The purpose of the amendment evidently is to afford a remedy where a party who has fulfilled his contract is defeated in a suit to enforce a lien on property benefited by his labor, in consequence of errors, irregularities, or illegalities in any of the proceedings necessary to constitute a valid assessment. Such a statute "must therefore be construed liberally, and when the meaning is doubtful it must be construed to extend the remedy." (*White v. The Mary Ann,* 6 Cal. 462; 65 Am. Dec. 523; *Cullerton v. Mead,* 22 Cal. 96; Sedgwick on Statutory and Constitutional Law, 559-61.) As said by Sawyer, C. J., in *Himmelmann v. Cofran,* 36 Cal. 412: "The case does not fall within the principle of a certain class of cases which hold that, when a power is conferred which in the nature of things cannot be but once exercised, a defective execution exhausts the power. In this case, the statute makes it the duty of the superintendent, after the fulfill-

ment of the contract to his satisfaction, to make an assessment to cover the sum due for the work performed, in accordance with the provisions of the act, and afterward to issue a warrant thereon. No time is limited within which the assessment must be made. Time is, therefore, not of the essence of the power." In *Shepard v. McNeil,* 38 Cal. 75, the court say: "It is not material in what form he originally signed the assessment, provided that it was afterward properly signed in due time to constitute a lien, which is the material thing to be done. . . . . . If the superintendent 'originally' fails to authenticate his record by his official signature, it is his duty afterward to make a valid assessment."

*Dyer v. Scalmanini,* 69 Cal. 637, was an appeal from the judgment rendered on a second assessment, and the court say: "If it were true, as matter of law, that such first assessment was void, then the superintendent aforesaid could have made another assessment for the work actually authorized, and if, in doing so, he complied with the statute, as was the case in the assessment in controversy here, that would have been valid, since the law under which he made it does not prescribe the time within which it must be done after the work was performed."

*Wood v. Strother,* 76 Cal. 545, 9 Am. St. Rep. 249, was an appeal from a judgment awarding a writ of *mandamus* to compel the countersigning of a street assessment warrant. The court below found that no valid assessment had previously been issued, and, in affirming the judgment, it is said: "If there was a previous assessment which was invalid, that would not, of itself, be a reason why a valid assessment should not be made, if the prior proceedings were sufficient to support it."

As stated in *Rauer v. Lowe,* 107 Cal. 234: "The statute requires four things to be recorded in order to constitute the one thing called a lien, viz., the assessment, warrant, diagram, and engineer's certificate; and these are intended to constitute one record, and should be found together. Before the amendment of the statute in 1889 these certificates formed no part of the assessment record, and as they were intended only for the information of the superintendent of streets, the custom of placing them in a separate record was proper, though not required

by the statute. That fact, however, emphasizes the intention
of the statute that they should be recorded in the assessment
record of which they are an essential part." And in *Gray v.
Lucas*, 115 Cal. 430, it was held that the assessment, warrant,
and diagram should be attached together, but the law did not
require that a certificate should be attached, but only that it
"should be recorded in connection with the record of the as-
sessment."

When, therefore, there is a defective certificate, or no certifi-
cate at all, recorded, there is a defect, informality, omission,
irregularity, and illegality in the assessment, because the law
requires the certificate to be recorded, together with the assess-
ment, diagram, and warrant; in other words, they are parts of
one assessment record.

It is a harsh rule of law that defeats the party, without fault
on his part, but through the blunders or negligence of a public
official, from recovering the fruits of his labor; and unless the
language of the statute be so plain and mandatory as to leave
no doubt as to its meaning, it ought not to be so construed as
to work that result.

BEATTY, C. J., dissenting.—I dissent. The complaint
fairly construed shows that actions on the first and second
assessments were successively defeated upon the ground that
the superintendent not only failed to record those assessments,
"together with" the engineer's certificate, but recorded them at
a time when no engineer's certificate had ever been made. The
statute requires the assessment to be recorded "together with"
the certificate, and this court has decided on the former appeal
in this case and in *Rauer v. Lowe*, 107 Cal. 233, that the making
of the assessment and the recording of the assessment are utterly
vain and nugatory acts, unless, together with the assessment,
diagram, and warrant, the certificate of the engineer is also
recorded. If this law is obeyed, its object is accomplished, a
lien is created, and the contractor can enforce payment of the
value of his work. If it is disregarded, the whole object of the
statute is frustrated, the whole proceeding is void.

This being so, it is to my mind simply impossible to hold that
there is neither defect, nor error, nor informality, nor irregu-

larity, nor illegality in the act of the superintendent in record-
ing the assessment in the absence of any engineer's certificate,
and when no such certificate has ever existed. On the con-
trary, I should say that his act was characterized by every one
of these bad qualities, and that the right to demand a new assess-
ment was absolutely clear and undoubted. And even if the
plaintiff were not within the very letter of the law, he certainly
is within the meaning and object, and it would require very
little of the liberality of construction usually accorded to reme-
dial statutes to give him the benefit of its provisions.