[S. F. No. 2357.   Department Two.—January 9, 1903.]

CITY STREET IMPROVEMENT COMPANY, Appellant, v. GEORGE W. EMMONS et al., Respondents.

STREET ASSESSMENT—DELAY IN RETURNING WARRANT—NEW ASSESS-MENT.—The failure of a street contractor to return his warrant within thirty days after its date, as required by section 10 of the Street Improvement Act, operates to deprive him of his lien upon the property assessed, and is not an error or defect in the return within the meaning of section 9 of the act entitling him to apply for and obtain a new assessment after a judgment has been rendered against him in an action to enforce the original assessment.

ID.—VACATING JUDGMENT—SURPRISE.—In an action to foreclose a street assessment a judgment erroneous in substance entered upon the motion of the attorney for the plaintiff after a demurrer to the complaint had been sustained, and in the absence of the attorney for the defendant, may be vacated at the instance of the defendant on the ground of surprise, under section 473 of the Code of Civil Procedure.

APPEAL from an order vacating a judgment of the Superior Court of the City and County of San Francisco.   William R. Daingerfield, Judge.

The facts are stated in the opinion.

Bishop & Wheeler, for Appellant.

D. H. Whittemore, for Respondents.

SMITH, C.—This is a suit for the foreclosure of a street assessment. It appears from the allegations of the complaint that the warrant, with assessment and diagram attached, was delivered to the contractor August 14, 1897, and that it was not returned until September 14, 1897, being one day over thirty days from the date of delivery. On this ground the defendants' demurrer was sustained; and thereupon, on motion of the plaintiff's attorney,—defendants' attorney not being present,—judgment was entered for the defendants, in which, among other things, it was adjudged, in effect, "that the return of the said assessment was and still is defective, erroneous, and illegal," and "that by reason of said defect, error, and illegality, the demurrer . . . to the complaint . . . be and the same is hereby sustained," etc. But by a subsequent order of the court, on motion of defendants' attorney, the judgment was set aside. The appeal is from this order, and it is urged as grounds for reversal,—1. That the judgment was in fact right; and 2. That, if not, the court was nevertheless not authorized to set it aside.

The sufficiency or insufficiency of the former ground turns upon the construction of certain provisions of sections 9 and 10 of the Street Improvement Act. In the latter section it is provided that "the warrant shall be returned to the superintendent of streets within thirty days after its date, with a return indorsed thereon, signed by the contractor or his assigns, or some person in his or their behalf, verified upon oath, stating the nature and character of the demand, and whether any of the assessments remain unpaid in whole or in part, and the amount thereof"; and that in case of failure upon the part of the contractor "to return his warrant within the time and in the form provided in this section, he shall thenceforth have no lien upon the property assessed." But in section 9 (Stats. 1891, p. 205) it is provided, in effect, that whenever in a suit to foreclose a street assessment lien it shall appear by the final judgment that the suit "has been defeated by

reason of any defect, error, informality, omission, irregularity, or illegality in any assessment, . . . or in the recording thereof, or *in the return thereof, made to or recorded by the said superintendent of streets,* any person interested therein may, at any time within three months after the entry thereof, apply" to the superintendent of streets, or his successor in office at the time of the application, for another assessment, which, it is provided, shall be made accordingly. And it is claimed on behalf of the appellant that the failure to return the warrant within the time required by law comes within the terms of the latter provision.

But we do not think the statute will bear this construction. The provision does not refer to the act of returning the writ, but to the written return indorsed on the warrant as "made to, or recorded by [the] superintendent," which, by the provision in section 10, is required to be in a certain form. The reference, therefore, is to errors or defects "in the return" as thus described, or, in other words, to some failure to comply with the required form of the return. Nor does the case of *Gray* v. *Lucas,* 115 Cal. 430, lend any countenance to the construction contended for by the appellant. It was there said, *arguendo,* that "unless . . . the statute required [the certificate of the town engineer] to form part of the assessment, the absence of the certificate did not constitute a defect in the assessment," thereby implying that if the statute did so require, then the absence of the certificate did constitute such a defect, which is very true; and it may also be assumed for the purposes of this decision, as held in the dissenting opinions in *Ede* v. *Cuneo,* 126 Cal. 173, 175, that the failure to record the engineer's certificate, or documents "which are required to be recorded . . . with the assessment proper in order to constitute the lien," or the failure in any matter required to give the assessment validity, is "a defect in the assessment." For the term "assessment" has a double meaning, being used sometimes to denote merely the assessment-roll, or, as it is called in the opinion, "the assessment proper," and sometimes to denote the act of assessing, to the validity of which other matters than those appearing in the assessment-roll are essential; and it is not an unreasonable construction of the provision of the statute under consideration to suppose that it refers to the latter. But with regard to

the return of the warrant it is otherwise. For here there is no ambiguity in the language of the act, which unequivocally refers to the written return indorsed on the warrant, and not to the act of returning it. Nor is there any reason to suppose that the legislature intended to abrogate, in the case of valid assessments, the statutory limitations to the endurance of the lien imposed by the provision in section 10 of the act.

We are also of the opinion that the other point urged by the appellant is equally untenable. Assuming that the entry of the judgment cannot be regarded as a mere clerical error, or as improvidently entered (points upon which we do not .pass), it is yet clear that the court had authority under section 473 of the Code of Civil Procedure to vacate the judgment and order complained of, as taken against the defendant by "surprise." The judgment, and also the order, were entered in the absence of the defendant's attorney and against his express directions to the clerk, and on learning of its entry he moved promptly to have it vacated. We can therefore hardly conceive of a case more appropriate for the application of the provisions of the section cited. The notice of motion, though not referring explicitly to the section, or to the ground of surprise, was also, we think, sufficient; but were it otherwise, we could not, in view of the affirmative action of the court, look into its deficiencies.

We advise that the order appealed from be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.