[L. A. No. 3469.  Department One.—December 16, 1915.]

## C. COHN, Appellant, v. FEDERAL CONSTRUCTION COMPANY et al., Respondents.

STREET ASSESSMENTS—BONDS IN PAYMENT OF WORK—RESOLUTION OF INTENTION—TERM OF BONDS.—Under the amendments of 1911 of sections 2 and 4 of the street bond act (Stats. 1911, p. 1201), the amendment of 1899 of section 3 of said act (Stats. 1899, p. 40), the amendments of 1905 to section 3 of the Vrooman Act (Stats. 1905, p. 63), and the amendment of 1909, adding section 5½ to the latter act (Stats. 1909, p. 31), it is not a prerequisite to the validity of bonds issued for the amount due on a street work assessment that the resolution of intention to do the work should specify the period for which the bonds are to run.

ID.—CITY COUNCIL MUST FIX TERM OF BONDS BEFORE ISSUANCE OF WARRANT.—The determination of the period for which such bonds are to run is an act of legislation which the statute commits to the city council. It cannot be exercised by ministerial officers such as the street superintendent or city treasurer. The fixing of the term of the bonds may be done by the city council at any time prior to the issuance of the warrant, which is required to describe the bonds.

ID.—PREMATURE WARRANT—INJUNCTION AGAINST ISSUANCE OF BONDS—NEW WARRANT.—The issuance of the warrant prior to the declaration by the council of the period the bonds should run is premature, so far as assessments of twenty-five dollars and over are concerned, and the property owner is entitled to an injunction restraining the issuance of the bonds and the collection of the assessment, until the council shall have declared the terms of the bonds and caused a new warrant to issue.

ID.—NEW WARRANT MAY BE ISSUED AFTER TERM OF BONDS IS FIXED BY COUNCIL.—In the absence of any action by the council fixing the term of the bonds, a warrant purporting to provide for their issuance is ineffectual to perfect the assessments exceeding twenty-five dollars or to set the time limit for payment thereof running, and another warrant for the assessments remaining unpaid may be issued after the council shall have declared the term of the bonds.

APPEAL from a judgment of the Superior Court of Kern County.   Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, and C. E. Arnold, for Appellant.

Rollin Laird, and H. K. Eells, for Respondents.

SHAW, J.—In this case the plaintiff sued to enjoin the city treasurer and street superintendent of Bakersfield from issuing bonds for the amount due on a street work assessment against property of the plaintiff. The Federal Construction Company was the contractor who constructed the improvement and it is made a party defendant. The court concluded that the bonds were duly authorized and refused the injunction prayed for. From this judgment plaintiff appeals.

The only defect attributed to the proceedings leading up to the issuance of the proposed bonds is the fact that the resolution of intention, upon which the proceedings were based, does not specify the period for which the bonds were to run. Its language on that point is: "Said serial bonds shall extend over a period not exceeding five years from their date." No protest or other objection was made by the plaintiff or any other property owner to the proceedings. The contract was regularly awarded, the work was completed, and the assessment and warrant were regularly made and recorded. At the time the suit was begun the superintendent of streets had certified the list of assessments to the city treasurer and the treasurer was about to issue the bonds.

The resolution of intention was passed on July 10, 1911. At that time the amendments of 1911 of sections 2 and 4 of the street bond act (Stats. 1911, p. 1201), the amendment of 1899 of section 3 of said act (Stats. 1899, p. 40), the amendments of 1905 to section 3 of the Vrooman Act (Stats. 1905, p. 63), and the amendment of 1909, adding section 5½ to the Vrooman Act (Stats. 1909, p. 31), were in force, and they constitute the law governing the proceeding.

The passage of the resolution of intention, as provided in section 3 of the Vrooman Act, is the first step in the proceeding. Section 2 of the bond act provides that the city council "shall have the power, in its discretion, to determine that serial bonds shall be issued . . . to represent assessments of twenty-five dollars or over for the cost of any work or improvement authorized by the said street work act. Said

serial bonds shall extend over a period not to exceed ten years from their date, and an even annual proportion of the principal sum thereof shall be payable, by coupon, on the second day of January every year after their date, until the whole is paid," and that the interest shall not exceed ten per cent per annum. Section 3 of the bond act provides that when the city council determines that serial bonds may issue for the expenses of any work under the street work act "it shall so declare in the resolution of intention to do said work and shall specify the rate of interest which they shall bear. The like description of said bonds shall be inserted in the resolution ordering the work, in the resolution of award, and in all notices of said proceedings required by said street work act to be posted or published; and also a notice that a bond will issue to represent each assessment of twenty-five dollars or more remaining unpaid for thirty days after the date of the warrant, or five days after the decision of said council upon an appeal, and describing the bonds, shall be included in the warrant provided for in section 9 of said street work act." Section 4 of the bond act sets out the form of the bond in full. Among the provisions prescribed is the statement that "The term of this bond is —— years from its date, and at the expiration of said time the whole sum then unpaid shall be due and payable; but on the second day of January of each year after its date, an even annual proportion of its whole amount is due and payable, upon presentation of the coupon therefor, until the whole is paid." Said section also provides that annual coupons shall be attached to each bond for an even annual proportion of the principal thereof.

The resolution does not state definitely the time for which the bonds are to run. . It fixes the maximum time only. Any period less than five years would fulfill its mandate. Until the actual period is positively fixed, the amount of the annual payment would remain uncertain. The property owner would not know the terms of his obligation, if he elected to suffer bonds to issue for the assessment against his property. The appellant contends that this omission invalidates the assessment and makes the entire proceeding void from the beginning. We do not think it goes so far. It is true that the determination of the period for which the bonds are to run is an act of legislation which the statute

commits to the city council. It cannot be exercised by ministerial officers, such as the street superintendent or city treasurer. Also, it is the rule that proceedings of this character must strictly follow the statute by which they are authorized. While this cannot be gainsaid, it is also true that it is not the province of the courts to insert in such statutes requirements not expressed by the language, nor necessarily implied therefrom.

There is no provision of the statute which requires that the resolution of intention to do the work shall state the period the bonds are to run. Section 3 of the bond act requires that it shall state the fact that bonds may be issued and the rate of interest they shall bear, but it does not require it to state the period. Section 3 of the street work act declares that the passage and due publication of the resolution of intention shall give the council jurisdiction to order the work done. It follows that the failure of that resolution to state the period, or an imperfect statement of such period therein, does not affect the jurisdiction thereby acquired.

The provision for bonds is for the benefit of the property owner, to enable him to pay in installments, instead of cash, on completion of the work. The proceedings for the letting of the contract, doing the work and making the assessment are precisely the same where bonds are authorized as where they are not. To such proceedings the issuance of bonds has no relation and the term is of no importance. To enable the property owner to act intelligently in electing whether to pay cash or suffer bonds to issue for his assessment, he should know the term they are to run before he acts. Under the statute in force at the time, he could so elect at any time after the warrant was issued and before the expiration of thirty days therefrom. It would therefore be necessary that the council should fix the term before the warrant was issued. Section 3 of the bond act, with respect to all papers other than the warrant, merely requires that they shall conform to the resolution of intention, that is, that they shall state the rate of interest on the bonds and the fact that they may issue. But it requires the warrant to include a notice "describing the bonds." As the property owner must, upon its issuance, determine his course in the matter, it should inform him of the term. Hence, the phrase, "describing the bonds" in that part of said section 3 should be construed to intend a descrip-

tion sufficient for all the purposes to be served by the warrant. Consequently, it must state the term the bonds are to run. It follows that the council must fix the term before the warrant is issued.   The bond is a lien upon the property.   The statute contains no provision requiring that bidders for the work shall be advised of the terms of the bonds before the bids are made, or when the contract is let.   The theory of the bond act, respecting bidders, seems to be that the security of the property and the rate of interest fixed make the bonds equivalent to cash, as indeed they should be, for the contractor cannot ascertain whether he is to receive cash or bonds, until after the warrant is issued and the property owner has made his election.   Inasmuch as the time of fixing the term is not mentioned in the statute, but is left entirely to the discretion of the council, it follows that it may be done at any time before action upon it becomes necessary.   Such action does not appear to be necessary until the warrant is to be prepared. We find nothing in the statutes on the subject or in the object and purpose of the bond act which makes an earlier determination of this period essential to the proceeding.

The warrant issued recites that the bonds to be issued for the cost of the work shall bear interest at eight per cent per annum and shall extend "over a period of time ending four years from and after the second day of January, next succeeding their date."   The complaint alleged that the lots belonging to the plaintiff are assessed for more than twenty-five dollars each, that said assessments remain unpaid, and that the treasurer threatens to issue bonds therefor in the manner required by the statute and warrant aforesaid.   It is further alleged that the board of trustees never made an order fixing the period of time over which the bonds were to extend.   If this allegation is true, it would follow that the statement in the warrant fixing the period was the act of the street superintendent, and that he had no authority to make it.

The result is that, as the record stands, the issuance of bonds is unauthorized, and that none can be issued until the council itself shall declare the period they are to run.   The property owner has a right to have a warrant sufficient in law to authorize the issuance of bonds, in order that he may then exercise his option to pay cash or suffer bonds to issue.   Until such right is given he may refuse payment of the assessment.

The issuance of the warrant prior to such declaration by the council of the period the bonds should run was premature, so far as assessments of twenty-five dollars and over are concerned. The plaintiff was not entitled to a perpetual injunction, however. The defect may yet be cured. The statute does not limit the time within which the warrant may issue. Our decisions are to the effect that as the warrant heretofore issued was ineffectual to perfect the assessments exceeding twenty-five dollars or to set the time limit for payment thereof running, another warrant for the assessments remaining unpaid may be issued after the council shall have declared the term of the bonds. (*Himmelmann* v. *Cofran*, 36 Cal. 411; *Dyer* v. *Scalmanini*, 69 Cal. 640, [11 Pac. 327]; *Wood* v. *Strother*, 76 Cal. 547, [9 Am. St. Rep. 249, 18 Pac. 766].) These were cases where the assessment was wholly ineffective for some reason, as for lack of a signature. But the same principle should apply where the warrant is ineffective because of any technical omission which can be supplied. In view of this conclusion, all that the plaintiff is entitled to, upon the facts stated in the complaint, is an injunction restraining the issuance of the bonds and the collection of the assessments upon his property, until the council shall have declared the term of the bonds and caused a new warrant to be issued. The court below erred in sustaining the demurrer to the complaint.

The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.