[Civ. No. 2083.   Third Appellate District.—April 15, 1920.]

C. COHN, Respondent, v. C. M. THOMPSON et al., as Co-partners, etc., Appellants.

[1] STREET LAW—BONDS—TERM—OMISSION TO DESIGNATE—CURE OF DEFECT.—Where the resolution of intention, in connection with proceedings for certain street work instituted and carried through under the provisions of the Vrooman Act and the Bond Act of 1893, provides that serial bonds shall issue to represent the cost and expense of the work, but the city council does not designate the period of time over which the bonds shall extend, and no objection in writing or appeal is filed, either from or concerning the assessment which is issued or the action of the superintendent of streets in designating in the warrant attached to the assessment the period of time over which the bonds shall extend, or otherwise, and bonds are accordingly issued, the defect, if not waived by the failure to appeal from the action of the superintendent of streets in fixing in the warrant the period of time over which the bonds should extend, is, under section 4 of the Bond Act, cured by the issuance of the bonds.

APPEAL from a judgment of the Superior Court of Kern County.  J. W. Mahon, Judge.  Reversed.

The facts are stated in the opinion of the court.

Arthur M. Ellis and Everts & Ewing for Appellants.

Matthew S. Platz and C. E. Arnold for Respondent.

BURNETT, J.—The appeal is on the judgment-roll, and the contention of appellants is that, upon the findings, the judgment should have been in their favor.  It appears that proceedings for certain street work in the city of Bakersfield were instituted and carried through under the provisions of the Vrooman Act, [Stats. 1885, p. 147], and the Bond Act of 1893, [Stats. 1893, p. 33].  All the proceedings were entirely regular, except that the city council did not definitely designate the period of time over which the bonds should extend, the declaration of intention simply stating as to this that "said serial bonds shall extend over a period not to exceed five years from their date."  After the completion of the work the superintendent of streets made out

an assessment, diagram, and warrant covering the expenses of the work and recorded them in his office. The warrant contained the following: "Serial bonds bearing interest at the rate of eight per cent per annum and extending over a period of time ending four years from and after the second day of January next succeeding their date are to be issued to represent the cost and expense of the work described in the assessment," etc.

No person filed with the city clerk any objection in writing or appealed to the said board from or concerning said assessment or any act or determination of the superintendent of streets concerning said assessment or otherwise. After the expiration of thirty days from the recording of the assessment, diagram, warrant, and return of the superintendent of streets, he made out and certified to the city treasurer a complete list of the unpaid assessments, and thereupon the treasurer made out, signed, and issued to Thompson Bros., the contractors named in said warrant, bonds in proper form for said assessment on each lot of land designated. These bonds were issued August 23, 1912. The complaint herein was filed a few days later. A general demurrer to the complaint was sustained January 18, 1913, and an amended and supplemental complaint, bringing in new parties plaintiff and defendant, on account of the conveyance and transfer of the land and of the bonds, was filed March 13, 1916, more than three years after said demurrer was sustained. A general demurrer to the amended complaint was overruled. The defendants answered and, upon a stipulation of the facts, the trial court concluded that the assessment was legal and valid, but that the warrant and the bonds were illegal and void for the reason that the city council never at any time fixed the term of the bonds. This view of the court that the bonds were invalid involves the only question on this appeal.

Two points are made by appellants: "1. The failure of any person to appeal from the action of the superintendent of streets in fixing in the warrant the period of time over which the bonds should extend constituted a waiver of the objection. 2. It being found that the assessment itself is valid and that it still constitutes a lien, the irregularity with respect to the warrant was cured by the issuance of the bonds."

[1] It is conceded that it was the statutory duty of the board of trustees to fix the period over which the bonds, should extend, and that the superintendent of streets had no such authority. But it appears by the decision in *Cohn* v. *Federal Construction Co.*, 171 Cal. 547, [153 Pac. 916], which involved a similar resolution by the board of trustees of Bakersfield, that said board had authority at any time to fix said period definitely and that thereafter another warrant and bond of binding force and effect could be issued. Hence it is strongly insisted by appellants that the case falls clearly within the doctrine of *Chase* v. *Trout*, 146 Cal. 350, [80 Pac. 81], stated as follows: "By a long line of decisions it has become the settled doctrine that, with respect to any material defect or irregularity which could be cured by the council, the remedy by appeal is the only remedy; so that if the party does not appeal he waives the objection, and if he does appeal the judgment of the council is conclusive." Herein, the defect was material, it could have been corrected by the trustees, and no doubt would have been if application had been made, but the property owner chose to sit idly by and decline to avail himself of the very remedy that has been provided to prevent such expensive and protracted litigation as this.

But if the defect herein be considered too serious for the application of said principle, then, as we understand the decisions of the supreme court, it must be held that the situation is relieved by the operation of the curative provision of said bond act. Section 4 thereof (Stats. 1911, p. 1201) provides: "Said bonds, by their issuance, shall be conclusive evidence of the regularity of all proceedings thereto under said street work act and under this act, previous to the making of the certified list of all assessments unpaid to the amount of twenty-five dollars or over by the street superintendent to the city treasurer, and of the validity of said lien up to the date of said list."

The effect to be given to such curative measures is very fully considered in *Chase* v. *Trout, supra,* and little more can be said. Therein it is stated: "The correct proposition is, that as the legislature has power to devise any scheme for the assessment and levy of taxes for local improvements, provided such scheme includes such notice and opportunity for hearing to the owner of property taxed as will be suffi-

cient to constitute the due process of law required by the constitution, and otherwise complies with constitutional limitations and restrictions, so the legislature, by a curative clause in the law establishing the scheme, may provide that the issuance of a bond, or the execution of a deed, in the enforcement of such levy or assessment, shall be conclusive evidence of the regularity of the performance of all the required steps in the proceeding, excepting those that are necessary to constitute the due process of law, or to comply with any other constitutional prerequisite. As to all these other statutory steps or acts, the same power which prescribes them is competent to declare that their nonobservance shall not be fatal to the validity of the tax and that no inquiry may be made concerning them. This is substantially the effect of the statute in question here. The conclusive evidence clause of section 4 of the Bond Act is a part of the law under which the proceeding was carried on, and its effect is the same as if it declared that, although all of these intermediate steps are directed, yet, if they are not performed as required, and the owner permits the matter to proceed until the bond is issued, he shall be thenceforth precluded from proof of such nonobservance, and the requirements shall be conclusively presumed to have been complied with, excepting those which are necessary to comply with constitutional mandates.''

The court proceeds to state with more particularity the essentials the nonobservance of which cannot be cured, but it is manifest that there has been herein no violation of any constitutional right, nor can it be said that the owner has not had the notice which constitutes due process of law. The defect herein had merely to do, as appellant suggests, ''with the technical details of the process whereby the plaintiff was extended a substantial period of credit before meeting the obligation of an assessment regularly levied.'' Not one of his fundamental rights was violated or infringed, and it seems strange that he should attempt, upon the basis of an irregularity which has caused him no prejudice, to defeat these important memorials of a valid indebtedness held by purchasers for value, who had a right to rely upon said rule of the statute.

The most recent consideration of the question by the supreme court is found in *Watkinson* v. *Vaughn,* 182 Cal. 55,

[186 Pac. 753], wherein it is held that "In the matter of street improvement proceedings under 'The Improvement Act of 1911,' [Stats. 1911, p. 730] the failure of the resolution of intention to expressly declare, as required by section 4.of the act, that the district described and to be assessed is the district to be benefited by the work of improvement, is cured by the failure of the property owners, as provided by section 16 of the act, to make objection to such omission, and by the issuance, without objection, of bonds to pay for the improvement, which bonds, by section 66 of the act, by their issuance, are made conclusive evidence of the regularity of the proceedings." Assuredly, the defect in that case was as serious as in· this, and we feel no doubt that under the authorities and upon principle the respondent should not be permitted at this late date to question the validity of said bonds.

We think the judgment should be reversed as far as said bonds are concerned and a judgment upon the findings be rendered declaring said bonds to be valid and legal and for appellants' costs.

It is so ordered.

Ellison, P. J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1920.

All the Justices concurred.