[Civ. No. 3325. Second Appellate District, Division Two.—May 21, 1920.]

FEDERAL CONSTRUCTION CO. (a Corporation), Petitioner, v. WILLIAM RYAN, as Superintendent of Streets, etc., Respondent.

[1] STREET LAW—IMPROVEMENT ACT OF 1911—ISSUANCE OF BONDS—SUFFICIENCY OF RECITAL IN RESOLUTION OF INTENTION.—A resolution of intention to order certain street work, under the Improvement Act of 1911 and Improvement Bond Act of 1915, is not vitiated by a recital therein "that a serial bond to represent unpaid assessment" will be issued, where such resolution states further that the bonds will be issued "in the manner provided by the Improvement Bond Act of 1915," a general reference in the proceedings prior to the warrant adopting the provisions of that act being sufficient to confer jurisdiction.

[2] ID.—AMENDED RESOLUTION OF AWARD—RIGHT TO ADOPT—CORRECTION OF ERROR.—In the improvement of streets under the provisions of the Improvement Act of 1911 and Improvement Bond Act of 1915, the city council has jurisdiction to pass an amended resolution of award in order to correct an error in its original resolution, provided at the time of the adoption of such amended resolution no rights of third persons have vested.

[3] ID.—AMOUNT OF BID—RECITALS IN AWARD AND NOTICE—SUBSTANTIAL COMPLIANCE WITH LAW.—Where the' resolution of award recites that the contract for doing the work was awarded to a given company "at the prices named in its bid," and the notice of award as posted and published declares that the board of trustees "awarded the contract for said work to the lowest responsible bidder . . . at the prices named for said work in said proposal or bid on file," this constitutes a substantial compliance with the provisions of the Improvement Act of 1911.

PROCEEDING in Mandamus to compel a superintendent of streets to execute a contract for the improvement of certain streets. Peremptory writ issued.

The facts are stated in the opinion of the court.

Frank H. Powers and Heller, Powers & Ehrman for Petitioner.

Paul S. Honberger for Respondent.

WELLER, J.—Mandate to compel the respondent, as street superintendent, to execute a contract for the improvement of certain streets in the city of Paso Robles.

The petition recites that on January 19, 1920, the board of trustees of the city of Paso Robles passed a resolution of intention to order certain work done, under the provisions of the "Improvement Act of 1911," [Stats. 1911, p. 730], and "Improvement Bond Act of 1915," [Stats. 1915, p. 1464], and amendments thereto, and caused notice of the passage of the resolution to be published and posted according to law. No protests having been received, on the fourth day of February, 1920, the board adopted a resolution ordering the work to be done, and caused a notice inviting proposals for doing the work to be given, in accordance with the provisions of the acts above mentioned. Pursuant to that notice, petitioner presented its bid, and was found to be the lowest responsible bidder, whereupon the board, on February 24, 1920, passed a resolution awarding to petitioner the contract for doing the work.

By its resolution of intention the board declared that serial bonds should be issued to represent the expenses of the improvement, specifying the rate of interest the bonds should bear, and also caused a similar description to be inserted in the resolution ordering the work to be done, as well as in all notices posted and published in connection with the prior proceedings; but no reference to bonds was contained in the resolution of award. On March 9, 1920, the city clerk posted a notice of award, which referred to the issuance of bonds substantially as did the resolution of intention. The owners of three-fourths of the frontage liable to be assessed for the improvement did not elect to take the work, and no person interested in the lands filed with the clerk a notice specifying any irregularity in the previous proceedings.

On April 5, 1920, the board adopted an amended resolution of award, including notice of the proposed issuance of bonds, and ordered the notice of award to be reposted and

republished. In accordance with this order, the clerk posted notice of award on the seventh day of April, 1920, and caused it to be published.

On April 17, 1920, the petitioner presented to the street superintendent a contract for his signature, and tendered bonds duly approved, together with the necessary costs, all in accordance with the provisions of the act. Respondent declined to execute the contract, basing his refusal on the ground that the proceedings theretofore taken were void, and sets forth in his answer filed herein the reasons for his claim, which we will consider in their order.

[1] (1) That portion of the resolution of intention which declares that bonds shall issue contains the recital: "Notice is hereby given that *a serial bond* to represent unpaid *assessment* and bear interest at the rate of seven per cent per annum will be issued hereunder in the manner provided by the Improvement Bond Act of 1915." Respondent contends that reference to bonds in the singular vitiates the resolution, arguing that the property owner might be misled into the belief that one bond was to be issued to represent the cost of the entire improvement, and thus be unable to determine or segregate his individual liability. In answer to this it is sufficient to say that the resolution states that the bonds will be issued in the manner provided by the act, and thereby incorporates the provisions of the statute into the resolution.

Section 61 of the Improvement Act of 1911, as amended in 1915, reads as follows: "When said city council shall determine that serial bonds shall be issued to represent the expenses of any proposed work or improvement under this act, it shall so declare in the resolution of intention to do said work, and shall specify the rate of interest which they shall bear. The like description of said bonds shall be inserted in the resolution ordering the work, in the resolution of award, and in all notices of said proceedings required by this act to be either posted or published; and also a notice that a bond will issue to represent each assessment of twenty-five dollars or more remaining unpaid for thirty days after the date of the warrant, or five days after the decision of said council upon an appeal, shall be included in the warrant provided for in section 22 of this act." The first specific mention of the amount of the bonds is to be included in the war-

rant, hence a general reference in prior proceedings adopting the provisions of the act is sufficient to confer jurisdiction. In proceedings under the Vrooman Act, which contains provisions similar in effect to the Improvement Act of 1911, it has been held that the city council may fix the term the bonds are to run at any time prior to the issuance of the warrant. (*Cohn* v. *Federal Construction Co.*, 171 Cal. 547, [153 Pac. 916].)

[2] (2) It is claimed that the council had no jurisdiction to pass the amended resolution of award on the 5th of April, 1920, on the theory that it had exhausted its powers by the adoption of the original resolution of February 24, 1920. No authority is cited in support of this proposition, and we have found none. On the contrary, in our opinion, the act itself contemplates such a procedure as that taken by the board. Section 16 provides: "At any time within ten days from the date of the first publication of the notice of award of contract, any owner of, or other person having any interest in any lot or land liable to assessment, who claims that any of the previous acts or proceedings, relating to said improvement, are irregular, defective, erroneous or faulty, may file with the clerk of the city council a written notice specifying in what respect said acts and proceedings are irregular, defective, erroneous or faulty. Said notice shall state that it is made in pursuance of this section. All objections to any act or proceeding occurring prior to the date of the first publication of the aforesaid notice of award, in relation to said improvement, not made in writing and in the manner and at the time aforesaid, shall be waived, provided, the resolution of intention to do the work has been actually published and the notices of improvement posted as provided in this act." While there is no express authorization in the act for the correction of errors in the proceedings, the natural inference must necessarily be that it was intended that the council should have power to remedy defects occurring after it had acquired jurisdiction to order the work done, when its attention was directed to them. Any other conclusion would render the section nugatory; and we deem it our duty to construe the statute so as to carry into effect the intention of the legislature as therein expressed.

At the time of the adoption of the amended resolution of award no rights of third persons had vested. It is as much to the interest of the property owner as of the contractor that the proper reference to the bonds be made in the proceedings wherever required, in order that he may legally avail himself of the election to pay his assessment in cash or to permit bonds to issue against his property. The effect of reposting the notice of award would be to extend the time within which the property owners might enter into the contract, and no possible injury could result therefrom.

[3] (3) It is urged that the resolution and notice of award are insufficient in that neither the resolution nor the notice contains a statement of the amount of the bid or the contract price. The resolution of award recited that the contract for doing the work was awarded to the Federal Construction Company "at the prices named in its bid." The notice of award as posted and published declared that the board of trustees "awarded the contract for said work to the lowest regular responsible bidder, to wit, Federal Construction Company, at the prices named for said work in said proposal or bid on file." This, we think, is a substantial compliance with the law. Section 10 of the act provides that the city council "may award the contract for said work or improvement to the lowest responsible bidder at the prices named in his bid." This was done, and nothing more was required. Any person interested could readily ascertain the contents of the bid by an inspection of the document on file in the clerk's office to which the notice of award refers.

No other points are made by respondent, and we believe the objections we have discussed are without merit.

Let the peremptory writ issue.

Finlayson, P. J., and Thomas, J., concurred.